No. 20-1910

In the

# United States Court of Appeals

## For the Fourth Circuit

———————————

ANDREW ALLEN,

*Plaintiff-Appellant,*

v.

ATLAS BOX AND CRATING CO., et al.,

*Defendants-Appellees.*

———————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

———————————

**BRIEF OF APPELLANT ANDREW ALLEN**

———————————

James A. Compton
MCGUIREWOODS LLP
888 16th St. NW
Washington, DC 20006
(202) 857-1700

Jonathan Y. Ellis
MCGUIREWOODS LLP
501 Fayetteville St.
Suite 500
Raleigh, NC 27601
(919) 755-6688

*Counsel for Appellant Andrew Allen*

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................... 1

STATEMENT OF JURISDICTION ......................................... 2

STATEMENT OF ISSUES ......................................................... 3

STATEMENT OF THE CASE ................................................. 3

STANDARD OF REVIEW ......................................................... 9

SUMMARY OF THE ARGUMENT ...................................... 9

ARGUMENT ................................................................................ 11

I.   MR. ALLEN TIMELY COMMENCED THIS ACTION WHEN
     HE DELIVERED HIS COMPLAINTS TO THE DISTRICT
     COURT ON NOVEMBER 1, 2018. ............................................. 11

     A.   The Plain Language of Title VII and the Federal Rules
          Dictate That Mr. Allen Timely Commenced This Case ....... 12

     B.   A Majority of Circuits to Have Addressed the Question
          Correctly Recognize that a Civil Action is Commenced
          when a Complaint is Delivered to the Clerk ......................... 14

     C.   The District Court Erred in Treating the Prepayment
          of Filing Fees as a Prerequisite to Commencement of
          an Action ................................................................................... 19

II.  ALTERNATIVELY, THE DISTRICT COURT ERRED BY
     DECLINING TO EQUITABLY TOLL THE LIMITATIONS
     PERIOD UNTIL THE COURT DIRECTED THE CLERK TO
     FILE MR. ALLEN'S COMPLAINTS. ........................................ 24

     A.   Tolling Is Appropriate During the Pendency of an IFP
          Motion and for a Reasonable Time To Pay Filing Fees
          After A Denial. ......................................................................... 26

     B.   The District Court's Rationales for Refusing Equitable
          Tolling Are Unsound. .............................................................. 32

CONCLUSION ........................................................................... 38

STATEMENT REGARDING ORAL ARGUMENT ............................... 39

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alexander v. Cockrell,*
    294 F.3d 626 (5th Cir. 2002) ............................................................... 37

*Bonner v. Cty. of Los Angeles,*
    No. 15-cv-8885, 2016 WL 11743234 (C.D. Cal. Aug. 22, 2016) .......... 33

*BP P.L.C. v. Mayor & City Council of Baltimore,*
    141 S. Ct. 1532 (2021) ......................................................................... 12

*Carter v. Sanders,*
    No. 21-cv-146, 2022 WL 619662 (N.D. Miss. Mar. 2, 2022) ............... 22

*Casanova v. Dubois,*
    304 F.3d 75 (1st Cir. 2002) .................................................................. 28

*Chacko v. Patuxent Inst.,*
    429 F.3d 505 (4th Cir. 2005) ............................................................... 25

*Coleman v. Talbot County Detention Ctr.,*
    242 F. App'x 72 (4th Cir. 2007) .......................................................... 25

*Cruz v. Maypa,*
    773 F.3d 138 (4th Cir. 2014) .......................................................... 9, 25

*Curtis v. Tahiti Hotel,*
    No. 220-cv-2094, 2021 WL 215488 (D. Nev. Jan. 21, 2021) ............... 22

*Eplion v. Farmer,*
    No. 18-cv-978, 2018 WL 4102817 (S.D. W. Va. Aug. 27, 2018) .......... 22

*Escobedo v. Applebees,*
    787 F.3d 1226 (9th Cir. 2015) ..................................... 14, 15, 16, 18, 21

*Ford v. Artiga,*
    No. 12-cv-2370, 2013 WL 3941335 (E.D. Cal. July 30, 2013) ........... 33

*Gamache v. F.B.I.*,
    No. 11-cv-59, 2011 WL 1256735 (W.D. Pa. Apr. 1, 2011)..................22

*Harris v. Garner*,
    216 F.3d 970 (11th Cir. 2000)..............................................................12

*Harris v. Perry*,
    No. 15-222, 2015 WL 4879042 (D.R.I. July 15, 2015) ........................22

*Hernandez v. Aldridge*,
    902 F.2d 386 (5th Cir. 1990)..........................................................16, 18

*Holland v. Florida*,
    560 U.S. 631 (2010) .......................................................................35, 36

*Horn v. Comm'r of Soc. Sec.*,
    No. 12-cv-6, 2012 WL 4758081 (E.D. Tenn. Oct. 5, 2012).................22

*Humphries v. CBOCS W., Inc.*,
    343 F. Supp. 2d 670 (N.D. Ill. 2004)...................................................37

*Jaramillo v. Jefferson Cty. Dist. Attorney's Off.*,
    No. 10-cv-924, 2011 WL 221642 (N.D.N.Y. Jan. 21, 2011) ...............22

*Jarrett v. U.S. Sprint Commc'ns Co.*,
    22 F.3d 256 (10th Cir. 1994).............................................17, 27, 30, 31

*Keystone Driller Co. v. Gen. Excavator Co.*,
    290 U.S. 240 (1933) .............................................................................34

*Lawrence v. Lynch*,
    826 F.3d 198 (4th Cir. 2016)...............................................................35

*Lomax v. Ortiz-Marquez*,
    140 S. Ct. 1721 (2020).........................................................................22

*Maxten v. United States*,
    No. 17-cv-50, 2018 WL 2298374 (N.D. W. Va. May 21, 2018) ..........22

*McDowell v. Delaware State Police*,
    88 F.3d 188 (3d Cir. 1996) ..................................................................16

*McGill v. U.S. Express Truck Co.*,
  290 F. App'x 373 (1st Cir. 2008) ...................................................... 28, 29

*Neitzke v. Williams*,
  490 U.S. 319 (1989) ....................................................................... 21

*Rodgers on behalf of Jones v. Bowen*,
  790 F.2d 1550 (11th Cir. 1986) ..................................................... 15, 16

*Parissi v. Telechron, Inc.*,
  349 U.S. 46 (1955) .............................................................. 17, 18, 20

*Patterson v. Dir. of Dep't of Corr.*,
  267 F. App'x 257 (4th Cir. 2008) ...................................................... 22

*Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*,
  324 U.S. 806 (1945) ............................................................... 32, 33, 34

*Providence Square Assocs., L.L.C. v. G.D.F., Inc.*,
  211 F.3d 846 (4th Cir. 2000) ............................................................. 9

*Robinson v. America's Best Contacts & Eyeglasses*,
  876 F.2d 596 (7th Cir. 1989) ............................................................ 37

*Robinson v. Clipse*,
  602 F.3d 605 (4th Cir. 2010) ..................................................... 29, 30, 36

*Rosenberg v. Martin*,
  478 F.2d 520 (2d Cir. 1973) ............................................................ 16

*In re Ross*,
  380 F. App'x 356 (4th Cir. 2010) ...................................................... 22

*Rouse v. Lee*,
  339 F.3d 238 (4th Cir. 2003) ..................................................... 2, 25, 30

*Sheppard v. Garfield Cty. Jail*,
  No. 16-cv-998, 2016 WL 5947344 (W.D. Okla. Oct. 13, 2016) ........... 22

*Smith v. Est. of Smith*,
  No. 20-cv-62035, 2021 WL 7542938 (S.D. Fla. June 7, 2021) ............ 22

iv

*Smith-Bey v. Hospital Administrator,*
    841 F.2d 751 (7th Cir. 1988)......................................................17, 22

*Sossa v. Diaz,*
    729 F.3d 1225 (9th Cir. 2013) .............................................................37

*Stallion v. Zeehandaler,*
    No. 08-cv-503, 2008 WL 2439797 (E.D. Wis. June 13, 2008)............22

*Truitt v. County of Wayne,*
    148 F.3d 644 (6th Cir. 1998)........................................................16, 17

*United States v. Patterson,*
    211 F.3d 927 (5th Cir. 2000)...............................................................37

*United States v. Tucker,*
    607 F. App'x 303 (4th Cir. 2015) .......................................................22

*In re Uwimana,*
    274 F.3d 806 (4th Cir. 2001)...............................................................34

*Vaughter v. Amherst Cty. Jail,*
    No. 11-cv-18, 2011 WL 240667 (W.D. Va. Jan. 24, 2011)..................22

*Williams-Guice v. Board of Education,*
    45 F.3d 161 (7th Cir. 1995)................................................17, 27, 28, 32

*Winston v. Gonda,*
    No. 08-cv-174, 2008 WL 3271551 (E.D. Ark. Aug. 7, 2008) .........22, 23

*Zipes v. Trans World Airlines, Inc.,*
    455 U.S. 385 (1982) ............................................................................25

**Statutes**

28 U.S.C. § 1291............................................................................................3

28 U.S.C. § 1331............................................................................................3

28 U.S.C. § 1914......................................................................................19, 20

28 U.S.C. § 1915................................................................................9, 20, 22

28 U.S.C. § 1915A ........................................................................ 29

28 U.S.C. § 1917 .......................................................................... 20

42 U.S.C. § 2000e-5(f)(1) ................................. 3, 5, 9, 11, 12, 13, 24, 27, 28

42 U.S.C. § 2000e-16(c) .............................................................. 16

**Rules**

Fed. R. Civ. P. 3 ....................................................... 1, 11, 13, 14

Fed. R. Civ. P. 5 ....................................................... 1, 11, 13, 14

**Other Authorities**

Black's Law Dictionary (6th ed. 1990) ...................................... 12

Andrew Hammond, *Pleading Poverty in Federal Court*,
  128 Yale L.J. 1478 (2019) ................................................. 32

# INTRODUCTION

This case presents the question whether a civil action should be considered commenced, for purposes of a limitation period, upon the plaintiff's delivering of the complaint to the district court, along with a motion to proceed in forma pauperis—or whether the timeliness of such an action should depend, instead, on the dispatch with which the court resolves the in forma pauperis request and, if denied, when the plaintiff is able to collect and deliver the unexpected fee. In most, if not all, cases—including this one—the answer is clearly the plaintiff's delivery of the complaint to the court for two independent reasons.

First, and most fundamentally, that is what the plain text of the Federal Rules of Civil Procedure says. Rule 3 provides that a "civil action is commenced by filing a complaint with the court," and Rule 5 provides that a complaint is "filed" by "delivering it … to the clerk." Fed. R. Civ. P. 3, 5(d)(2). Nothing in the rest of the Federal Rules or the U.S. Code suggests that a plaintiff's request to proceed in forma pauperis should change that straightforward analysis. And making the timeliness of a civil action turn on the court's resolution of such a request would be

inconsistent with the majority of the circuit courts to consider this question, the most relevant Supreme Court precedent, and sound policy.

Second, even if the delivery of the complaint does not commence the action, equitable tolling should plainly be available for the period of time that *the court* takes to resolve the motion to proceed in forma pauperis and, if the motion is denied, a reasonable time thereafter for the plaintiff to tender the filing fee. Cutting off a potentially meritorious claim based on judicial delay in resolving a request for pauper status or a brief period (here, two weeks) in which the plaintiff collects and tenders hundreds of dollars in unexpectedly required funds, pursuant to court order, is precisely the sort of "gross injustice" that equitable tolling is designed to prevent. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). The district court erred, as a matter of law, in concluding otherwise.

For either reason (or both), the district court's judgment should be reversed, and Appellant Andrew Allen should be permitted to pursue his timely claims.

## STATEMENT OF JURISDICTION

Mr. Allen's claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, raise a federal question and conferred subject

matter jurisdiction on the district court under 28 U.S.C. § 1331. This Court possesses appellate jurisdiction under 28 U.S.C. § 1291 over the district court's final judgment granting summary judgment under Federal Rule of Civil Procedure 56.

## STATEMENT OF ISSUES

I.   Whether Mr. Allen timely commenced this civil action by delivering his complaints to the district court, along with his motions to proceed in forma pauperis, within the 90-day period provided by 42 U.S.C. § 2000e-5(f)(1).

II.  Whether, if this action did not formally commence until after Mr. Allen paid the filing fee pursuant to court order, the district court erred by declining to grant Mr. Allen equitable tolling for the period of time during which the court resolved Mr. Allen's motions to proceed in forma pauperis and the time the court afforded him to pay his filing fee.

## STATEMENT OF THE CASE

1.   On November 1, 2018, Appellant Andrew Allen delivered two motions to the U.S. District Court for the Eastern District of North Carolina to proceed in forma pauperis (IFP) in two lawsuits—one against

Appellee Atlas Box and Crating Co., Inc., and the other against Appellee All-in-One Staffing, LLC. JA10-14, 128-31. Mr. Allen's complaints against the companies were attached to the relevant IFP motion. JA15-23, 133-41. They alleged that Appellees wrongfully terminated his employment on the basis of his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* JA24, 141. Attached to each complaint was a so-called right-to-sue letter from the Equal Employment Opportunity Commission (EEOC). JA22-23, 139-40. Although Mr. Allen had received the Atlas Box and Crating right-to-sue letter 85 days earlier—on August 8, 2018—he mistakenly indicated in his complaint that he had received it only 70 days earlier, on August 23, 2018. JA19, 137.

Upon receiving Mr. Allen's IFP motions and complaints, the Clerk's Office stamped the motions "FILED" and the complaints "RECEIVED." JA10, 15, 128, 133. On November 2, 2018, the court referred the IFP motions to a magistrate judge. JA2. And on November 8, 2018, the magistrate judge issued memoranda and recommendations recommending that the motions be denied. JA24-26, 142-44.

4

Mr. Allen declined to object to the magistrate judge's recommendations. Instead, on the day any objections were due, he acquiesced in the denials and requested a brief extension of time to pay the filing fees. JA27-28, 35-36. Two days later, on November 29, 2018, the district court consolidated Mr. Allen's cases, implicitly denied his IFP applications, and granted his motions for an extension of time, ordering Mr. Allen to pay the $400 filing fee for his case by December 13, 2018. JA30-31. Mr. Allen timely paid that fee, and on December 17—46 days after Mr. Allen delivered his complaints to the court—the district court directed the clerk to file them. JA37.

2.      In June and July 2019, each Appellee filed a motion to dismiss the claim against it, arguing that Mr. Allen's complaints were time-barred under 42 U.S.C. § 2000e-5(f)(1), which requires Title VII plaintiffs to bring any civil suit within 90 days of receiving a right-to-sue letter from the EEOC. *See* JA5. The district court denied both motions. JA55-64. The court observed that Mr. Allen had filed his IFP applications within 90 days of August 23, 2018, the date on which he stated he had received the right-to-sue letters. JA58-59. And the court reasoned that, although it had not directed the clerk to formally file Mr. Allen's

complaints until much later, "the filing period properly is tolled during the pendency of an in forma pauperis motion prior to denial of any such motion." *Id.* Taking into account that tolling, the court found that the 90-day period did not expire until December 24, 2018, well after the court had directed Mr. Allen's complaints to be filed on December 17. *Id.*

3.     During the course of discovery, Mr. Allen's mistake in listing the incorrect date that he received his Atlas Box and Crating right-to-sue letter was discovered. During his deposition, Mr. Allen explained that he had been confused about the dates of various letters he had sent to and received from the EEOC and had mistakenly listed the date of his Atlas Box and Crating right-to-sue letter as August 23 when he had in fact received it on August 8. JA78-82. After this mistake was discovered, Appellees renewed their timeliness arguments in motions for summary judgment. *See* JA7.

This time, the district court was more receptive, granting Appellees summary judgment on timeliness grounds. JA109-23. Although Mr. Allen maintained that he had received the All-in-One right-to-sue letter at a later date, the court found no dispute of material fact with respect to the date Mr. Allen received his right to sue letters and that both had been

6

received on August 8, 2018. JA116-22. The court determined that, because Mr. Allen received his right-to-sue letters on August 8, 2018, not August 23, the 90-day period to file suit expired on November 6, 2018. And although Mr. Allen had delivered his complaints to the court along with his motion to proceed IFP on November 1, 2018, the court held that Mr. Allen had not "file[d]" his complaints until the court had directed them to be filed following Mr. Allen's payment of the filing fee in December 2018. JA116.

Moreover, despite previously holding that "the filing period properly is tolled during the pendency of an [IFP] motion," the district court held, at summary judgment, that equitable tolling was not warranted "for two independent reasons." JA59, 117. First, the court held that equitable tolling in this case was "preclude[d]" by the doctrine of clean hands. JA117-19. That doctrine, the court reasoned, "closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief." JA118. Here, the court found that Mr. Allen's mistake concerning the date he received his right-to-sue letters, his failure to correct the mistake more quickly, and other similar mistakes made in the course of litigating this case created a

"categorical bar to awarding [Mr. Allen] equitable relief in the form of tolling the statutory limitations period." JA119.

Second, the court held that Mr. Allen had not demonstrated "due diligence and extraordinary circumstances" sufficient to warrant equitable tolling. JA120. The court observed that Mr. Allen initiated the case, by filing the IFP motions, toward the end of the 90-day period. *Id.* It also noted that Mr. Allen filed his motion for extension of time to pay the filing fee on the last day for objecting to the magistrate judge's recommendation to deny his motions to proceed IFP and waited until the court-ordered deadline to pay the filing fee. *Id.* The court reasoned that this conduct did not demonstrate "the level of due diligence necessary." *Id.* And the court further stated that Mr. Allen had not "asserted that extraordinary circumstances prevented him from filing his complaint during the limitations period." *Id.* The court thus refused to afford Mr. Allen equitable tolling and granted summary judgment to Appellees on the ground that the complaints were untimely. JA121-23.

Plaintiff timely noticed an appeal *pro se*. JA125. On February 18, 2022, this Court appointed undersigned counsel to represent Mr. Allen on appeal. COA Dkt. No. 24-1. The Court expressed "particular interest"

in the question "[w]hether [the] statute of limitations period was permanently tolled upon filing of [a] motion to proceed *in forma pauperis*." COA Dkt. No. 23, at 1.

## STANDARD OF REVIEW

A district court's grant of summary judgment is reviewed de novo, viewing all facts in the light most favorable to the nonmoving party. *See Providence Square Assocs., L.L.C. v. G.D.F., Inc.*, 211 F.3d 846, 850 (4th Cir. 2000). A district court's denial of equitable tolling as a matter of law is likewise reviewed de novo. *See Cruz v. Maypa*, 773 F.3d 138, 143 (4th Cir. 2014).

## SUMMARY OF THE ARGUMENT

I.    Mr. Allen timely commenced this action when he delivered his complaints against Appellees to the court within the 90-day period required by 42 U.S.C. § 2000e-5(f)(1). Section 2000e-5(f)(1) requires a Title VII plaintiff to commence his civil action within 90 days of receiving a right-to-sue letter from the EEOC. The Federal Rules of Civil Procedure provide, in turn, that a civil case commences upon filing of a complaint and that a complaint is filed when it is delivered to the clerk. Nothing in the in forma pauperis statute, 28 U.S.C. § 1915, undermines that straightforward reading of Section 2000e-5(f)(1) and the Federal

9

Rules. That reading has been adopted by a majority of the circuits and is the one most consonant with the relevant statutory language, Supreme Court precedent, and sound policy. Equitable tolling is therefore unnecessary. Tolling aside, Mr. Allen timely commenced this suit on November 1, 2018. The district court's judgment can and should be reversed on that ground alone.

II.    Alternatively, the district court erred when it declined to grant Mr. Allen equitable tolling sufficient for his complaints to be considered timely. If an IFP motion delays the commencing of a civil action, the weight of authority and reason suggests that equitable tolling should be available for the period in which the court resolves that motion and, if denied, for a reasonable time thereafter for a plaintiff to properly pay his filing fee. At a minimum, the period of tolling after the denial of an IFP motion should encompass the period in which the court orders the plaintiff to tender the fee. Mr. Allen met that deadline, and the district court's reasons for declining tolling are unsound.

## ARGUMENT

### I. MR. ALLEN TIMELY COMMENCED THIS ACTION WHEN HE DELIVERED HIS COMPLAINTS TO THE DISTRICT COURT ON NOVEMBER 1, 2018.

Title VII requires that a claimant bring any action under that statute within 90 days of receiving a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1). Under the Federal Rules of Civil Procedure, an action is commenced when a complaint is delivered to the clerk. *See* Fed. R. Civ. P. 3, 5. Mr. Allen physically delivered the complaints against Appellees to the clerk of the district court, along with his motions to proceed IFP, on November 1, 2018—no more than 85 days after receiving the right-to-sue letters concerning this dispute. He thus timely commenced this suit. That conclusion represents the best reading of the text of Title VII and the Federal Rules. It is consistent with the majority of circuit courts to have considered this and similar questions and the most relevant Supreme Court precedent. It also reflects sound policy. And nothing about the subsequent proceedings on Mr. Allen's IFP motions alters that conclusion.

### A. The Plain Language of Title VII and the Federal Rules Dictate That Mr. Allen Timely Commenced This Case.

The plain meaning of Title VII's statute-of-limitations provision and the Federal Rules dictate that Mr. Allen's suit against Appellees was timely filed on November 1, 2018.

The relevant provision of Title VII provides that a "civil action" for discrimination under that statute "may be brought" against an employer by the aggrieved person "within ninety days after the giving of [a right-to-sue letter]" by the EEOC. 42 U.S.C. § 2000e-5(f)(1). Because Title VII does not define when a civil action has been "brought," the term should be given its ordinary meaning. *See BP P.L.C. v. Mayor & City Council of Baltimore*, 141 S. Ct. 1532, 1537 (2021). "To 'bring' an action or suit has a settled customary meaning at law, and refers to the initiation of legal proceedings in a suit." *Harris v. Garner*, 216 F.3d 970, 973 (11th Cir. 2000) (quoting Black's Law Dictionary 192 (6th ed. 1990)); *see id.* (reasoning that in the context of a discrimination claim, "the words 'to bring' mean … 'to commence'"). Thus, to be timely, Mr. Allen's lawsuit must have been commenced or initiated against Appellees within 90 days from the date on which he received his right-to-sue letters, at the earliest, on August 8, 2018—*i.e.*, by November 6, 2018. *See* JA22-23, 139-40

12

(right-to-sue letters); *see also* JA116 (finding that the deadline to file a complaint was November 6, 2018).

The Federal Rules provide that an action is commenced when a complaint is delivered to the clerk. Rule 3 states, in its entirety: "A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Rule 5(d)(2), in turn, states that a pleading, including a complaint, that is not filed electronically is "filed by delivering it … to the clerk." Fed. R. Civ. P. 5(d)(2); *see* Rule 5(d)(3)(B) (generally requiring pro se litigants to file non-electronically); *see also* Rule 3 Advisory Committee n.1 (cross-referencing Rule 5 to "define[] what constitutes filing [a complaint] with the court").

When Mr. Allen delivered his complaints to the clerk of the district court on November 1, 2018, he thus "brought" civil actions against Appellees under 42 U.S.C. § 2000e-5(f)(1). Because November 1 is only 85 days after he received his right-to-sue letters, this action is timely irrespective of the result or timing of the IFP proceedings that followed.

**B.** **A Majority of Circuits to Have Addressed the Question Correctly Recognize that a Civil Action is Commenced when a Complaint is Delivered to the Clerk.**

The majority of the circuit courts to have addressed this and similar questions support the conclusion that Mr. Allen timely commenced this suit when he delivered his complaints to the district court.

In *Escobedo v. Applebees*, 787 F.3d 1226 (2015), the Ninth Circuit expressly "h[e]ld that the filing date of a complaint is the date it is delivered to the clerk, whether it is submitted with or without an IFP application." *Id.* at 1228. Echoing the analysis offered here, the Ninth Circuit reasoned that its conclusion followed directly from the words of Rules 3 and 5. *See id.* at 1232-33. "[A] civil action is commenced by filing a complaint with the court." *Id.* at 1232 (quoting Fed. R. Civ. P. 3). And "[a]s with other pleadings and papers," the court explained, "a complaint is filed 'by delivering it … to the clerk.'" *Id.* at 1232-33 (quoting Fed. R. Civ. P. 5(d)(2)). The court found "[n]o justification … to alter the definition of 'filing' simply because a complaint is submitted to the clerk's office along with an IFP application." *Id.* at 1233. "Obviously, if an IFP application is submitted with the complaint in lieu of the filing fee, and the application is thereafter denied, the district court will be free to

14

dismiss the complaint" for failure to pay that fee. *Id.* at 1228. "The filing date, however, will be the date on which the complaint was originally delivered to the clerk's office along with the IFP application." *Id.*

The Eleventh Circuit reached the same conclusion in *Rodgers on behalf of Jones v. Bowen*, 790 F.2d 1550 (1986). There, as here, the plaintiff had simultaneously filed a complaint and motion to proceed IFP toward the end of the time permitted by statute (there, the 60-day period provided by 42 U.S.C. § 405(g)). *Id.* at 1551. After the district court denied the IFP motion and the plaintiff paid the filing fee, the court dismissed the plaintiff's suit as untimely. *Id.* But the court of appeals reversed. *Id.* The court of appeals found "no expressed intent by Congress" to adopt a different rule for commencement of a suit for purposes of the statutory limitations period in Section 405(g) than the one reflected in the Federal Rules. *Id.* The court held "that a complaint is 'filed' for statute of limitations purposes when it is 'in the actual or constructive possession of the clerk,' regardless of [any] untimely payment of the required filing fee." *Id.* at 1552 (internal citations omitted). The court thus determined that the plaintiff timely commenced

her suit when she filed her complaint alongside the IFP motion, despite the court's subsequent denial of the IFP motion. *Id.*

The Second, Third, and Fifth Circuits are in accord. In *Rosenberg v. Martin*, 478 F.2d 520 (1973), Chief Judge Friendly concluded, in an opinion for the Second Circuit, that a civil action "must be treated as commenced … when the Clerk of Court received the complaint," even if the complaint is "not formally filed by the Clerk" until the district court disposes of an IFP motion "received along with the complaint." *Id.* at 522 n.1a. In *McDowell v. Delaware State Police*, 88 F.3d 188 (1996), the Third Circuit explained that it would "deem a complaint to be constructively filed as of the date that the clerk received the complaint—as long as the plaintiff ultimately pays the filing fee or the district court grants the plaintiff's request to proceed *in forma pauperis*." *Id.* at 191. And in *Hernandez v. Aldridge*, 902 F.2d 386 (1990), the Fifth Circuit held that a civil complaint was "filed" for purposes of the limitations period in 42 U.S.C. § 2000e-16(c) when it was "received" by the clerk, even though the complaint was not "actually filed by the clerk until … [the plaintiff's] motion to proceed in forma pauperis was granted" three weeks later. *Id.* at 387; *but see Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir.

1998) ("We … hold that it is proper for a district court to deem a complaint 'filed' only when IFP status is granted or the appropriate filing fee is paid, rather than at the time a complaint is delivered to the clerk of a court."); *Jarrett v. U.S. Sprint Commc'ns Co.*, 22 F.3d 256, 259 (10th Cir. 1994) (holding that the statute of limitations is automatically tolled by the filing of an IFP motion, but only until the IFP motion is ruled on, after which equitable tolling may or may not apply).[1]

The Supreme Court, moreover, has adopted a similar rule with respect to the timeliness of notices of appeal. In *Parissi v. Telechron, Inc.*, 349 U.S. 46 (1955), the Court held that untimely payment of a filing fee for appeal did not render the appellant's notice of appeal untimely. The Court explained that "the Clerk's receipt of the notice of appeal within the 30-day period" provided by statute was sufficient to timely commence

---

[1] In *Smith-Bey v. Hospital Administrator*, 841 F.2d 751 (1988), the Seventh Circuit acknowledged and applied the "generally accepted rule that a complaint is deemed 'filed' within the meaning of [Rule] 3 for purposes of invoking the court's jurisdiction over an action when it is placed in the custody of the district court clerk," even if a motion for IFP remains pending. *Id.* at 757 n.5. In *Williams-Guice v. Board of Education*, 45 F.3d 161 (1995), however, the Seventh Circuit (without citing *Smith-Bey*) subsequently agreed with the Tenth Circuit that the limitations period is merely tolled during the pendency of a motion for IFP, after which equitable tolling may apply. *Id.* at 165.

the appeal. *Id.* at 47. And even the "untimely payment" of the filing fee could not "vitiate the validity of petitioner's notice of appeal." *Id.* The same reasoning should, *a fortiori*, apply in a case like this one where the plaintiff paid the filing fee within the period ordered by the court.

In addition to relying on their plain meaning, these opinions recognize that this reading of the Federal Rules is also most consistent with justice and reason. Plaintiffs have "no control over the clerk's delay in actually filing" their complaint. *Hernandez*, 902 F.2d at 388. No sound principle of judicial administration supports permitting judicial delay to defeat an otherwise timely civil complaint. And even if a court acts expeditiously on an IFP request, plaintiffs would still be ambushed by a ticking clock whenever a court denies their applications, potentially barring them from judicial relief via "an arbitrary trip wire arising purely from [their] need for reasonable time to gather the funds to pay the fee." *Escobedo*, 787 F.3d at 1233. In forma pauperis litigants, those least able to absorb a failed suit, should not be faced with the prospect that their claim, however meritorious, will founder on a judge's schedule. And although equitable tolling may address these concerns in some cases, *see* Part II, *infra*, not every limitation period may be subject to such tolling.

The better more sensible rule is therefore the one reflected in the Federal Rules—a civil action is commenced by delivering the complaint to the court, and nothing more.

### C. The District Court Erred in Treating the Prepayment of Filing Fees as a Prerequisite to Commencement of an Action.

The district court concluded that this suit was not commenced until the court directed the clerk to file the complaint on December 18, 2018. *See* JA116. In the court's view, on November 1, 2018, Mr. Allen filed only an IFP motion, not a complaint; and it was Mr. Allen's "pay[ing of] his filing fee [on] December 13, 2018," after the IFP motion was denied, that finally "trigger[ed] the filing of the complaint on December 17, 201[8]." *Id.* The court's conclusion and reasoning are incorrect.

Neither the Federal Rules, Title VII, nor any other applicable provision of law of which Appellant is aware conditions either the commencement of a civil action or the filing of a complaint on the prepayment of fees. To the contrary, 28 U.S.C. § 1914, provides that "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court … to pay a filing fee of $350." 28 U.S.C. § 1914(a). That provision makes the "pay[ing of] a filing fee" a

condition subsequent to the "institut[ion]" of a civil action, not a condition precedent.  It provides no basis for delaying the commencement of a suit for timeliness purposes until such fee is paid.  *Cf. Parissi*, 349 U.S. at 47 (holding that the clerk's "receipt of [a] notice of appeal within the 30-day period" was sufficient to timely appeal, despite the untimely payment of the fee required by 28 U.S.C. § 1917).  Any doubt on that score is eliminated by Section 1914(c), which states that a court "by rule or standing order *may* require advance payment of fees," not that it *must* require fees before the suit is instituted.  28 U.S.C. § 1914(c) (emphasis added).  And the Eastern District of North Carolina has neither a local rule nor a standing order requiring the prepayment of filing fees for commencing a civil action.

Section 1915(a)(1) similarly provides that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor," where the person submits an affidavit stating his inability to pay the fees, the nature of the action, and a belief that he is entitled to redress.  28 U.S.C. § 1915(a)(1).  That provision permits district courts to waive any requirement for the

20

prepayment of fees to, among other things, commence a suit or appeal—
*i.e.*, it allows for parties to proceed in forma pauperis. Because the
Eastern District of North Carolina has not required the prepayment of
fees to commence a suit in that court, Section 1915(a)(1) cannot possibly
create a prerequisite to commencement inconsistent with the Federal
Rules here. *See Escobedo*, 787 F.3d at 1232 ("Nothing in § 1914 or § 1915
contradicts the simple directive set forth in Rule 3 that a civil action is
commenced by filing a complaint with the court.").

Moreover, even if the Eastern District of North Carolina had such
a rule or standing order, Section 1915(a)(1) would still not be best read to
delay the commencement of a suit until (and unless) the court *approves*
an IFP motion in an individual case. Rather, as the Supreme Court has
explained, Section 1915(a) "allows a litigant to commence a civil or
criminal action in federal court *in forma pauperis* by filing in good faith
an affidavit stating, *inter alia*, that he is unable to pay the costs of the
lawsuit." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Mr. Allen's IFP
motions included such affidavits here. *See* JA10, 128.

A contrary reading of Section 1915(a) would be inconsistent with
Section 1915(e)(2)(B), which requires a court to dismiss an IFP case "at

any time" if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Such dismissals may be with or without prejudice. *See Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1725 (2020). And consistent with the statutory language, courts routinely examine the merits of an IFP applicant's case and enter such dismissals without ruling on the IFP application itself.[2] *See Smith-Bey*, 841 F.2d at 757 n.5

---

[2]    *See, e.g.*, *Patterson v. Dir. of Dep't of Corr.*, 267 F. App'x 257, 258 (4th Cir. 2008); *In re Ross*, 380 F. App'x 356, 357 (4th Cir. 2010); *United States v. Tucker*, 607 F. App'x 303, 304 (4th Cir. 2015); *Vaughter v. Amherst Cty. Jail*, No. 11-cv-18, 2011 WL 240667, at *1 (W.D. Va. Jan. 24, 2011); *Maxten v. United States*, No. 17-cv-50, 2018 WL 2298374, at *1 (N.D. W. Va. May 21, 2018); *Eplion v. Farmer*, No. 18-cv-978, 2018 WL 4102817, at *1 (S.D. W. Va. Aug. 27, 2018); *Harris v. Perry*, No. 15-222, 2015 WL 4879042, at *2 (D.R.I. July 15, 2015); *Jaramillo v. Jefferson Cty. Dist. Attorney's Off.*, No. 10-cv-924, 2011 WL 221642, at *1 (N.D.N.Y. Jan. 21, 2011); *Gamache v. F.B.I.*, No. 11-cv-59, 2011 WL 1256735, at *1 (W.D. Pa. Apr. 1, 2011); *Carter v. Sanders*, No. 21-cv-146, 2022 WL 619662, at *1 (N.D. Miss. Mar. 2, 2022); *Horn v. Comm'r of Soc. Sec.*, No. 12-cv-6, 2012 WL 4758081, at *1 (E.D. Tenn. Oct. 5, 2012); *Stallion v. Zeehandaler*, No. 08-cv-503, 2008 WL 2439797, at *2 (E.D. Wis. June 13, 2008); *Winston v. Gonda*, No. 08-cv-174, 2008 WL 3271551, at *3 (E.D. Ark. Aug. 7, 2008); *Curtis v. Tahiti Hotel*, No. 220-cv-2094, 2021 WL 215488, at *1 (D. Nev. Jan. 21, 2021); *Sheppard v. Garfield Cty. Jail*, No. 16-cv-998, 2016 WL 5947344, at *1 (W.D. Okla. Oct. 13, 2016); *Smith v. Est. of Smith*, No. 20-cv-62035, 2021 WL 7542938, at *1 n.1 (S.D. Fla. June 7, 2021).

("[A] district court may dismiss a complaint with prejudice under § 1915(d) prior to granting leave to proceed *in forma pauperis*."). Dismissing a suit on the merits with prejudice before it was commenced would, of course, be passing strange—if not constitutionally problematic. There is no basis in Section 1915 to conclude that Congress intended to set up such a scheme.

Finally, it is worth noting that the district court's treatment of this very case suggests that Mr. Allen timely commenced this suit. When Mr. Allen delivered his IFP motion and complaint to the clerk, the district court, consistent with the widespread practice of this court and others, actually opened the civil matters of *Allen v. Atlas Boxing & Crating Co.* and *Allen v. All-in-One Staffing, LLC. See* 18-cv-520 D. Ct. Dkt.; 18-cv-521 D. Ct. Dkt. As the court itself later noted, "Plaintiff commenced this employment discrimination action by filing motions for leave to proceed in forma pauperis on November 1, 2018." JA109. When the court subsequently denied Mr. Allen's IFP application, it did not retroactively un-commence the action. Instead, it ordered him to pay the filing fee "for the consolidated case No. 5:18-CV-520-FL, on or before December 13, 2018." JA31. The proceedings in this case thus accurately reflect that

23

Mr. Allen instituted this suit when he delivered his complaints to the court, not after proceedings on his IFP motion were ultimately concluded.

\* \* \* \* \*

Because this suit was timely "brought" within the meaning of 42 U.S.C. § 2000e-5(f)(1) on November 1, 2018, when Mr. Allen delivered his complaints to the clerk of the Eastern District of North Carolina, there was no need for the district court or Mr. Allen to resort to equitable tolling to save this case from dismissal. And there is no need for this Court to determine whether the filing of a motion to proceed IFP tolled the filing requirement in 42 U.S.C. § 2000e-5(f)(1)—permanently or temporarily. The requirement was properly *satisfied* by the filing of Mr. Allen's complaints. The district court's judgment should be reversed on those grounds.

## II. ALTERNATIVELY, THE DISTRICT COURT ERRED BY DECLINING TO EQUITABLY TOLL THE LIMITATIONS PERIOD UNTIL THE COURT DIRECTED THE CLERK TO FILE MR. ALLEN'S COMPLAINTS.

Even if the Court determines that Mr. Allen did not commence this suit until he paid the filing fee on December 13, 2018, or the district court ordered the complaints to be filed four days later, this Court should reverse the district court and hold that the 90-day period should have

24

been equitably tolled between the time Mr. Allen filed his IFP application and the time when this case was formally commenced after his timely payment of the filing fee. No one disputes that Title VII's 90-day period for filing suit is a non-jurisdictional requirement that is subject to doctrines such as waiver, estoppel, and equitable tolling. *See Coleman v. Talbot County Detention Ctr.*, 242 F. App'x 72, 73-74 (4th Cir. 2007); *Cf. Chacko v. Patuxent Inst.*, 429 F.3d 505, 513 n.5 (4th Cir. 2005) (holding that Title VII's period for filing a complaint with the EEOC is subject to such doctrines) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)). In such circumstances, equitable tolling permits courts to relieve a plaintiff from the "strict application of a statute of limitations" in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Where, as here, a challenge to the denial of tolling "is not to the existence of certain facts, but instead rests on whether those facts demonstrate a failure to bring a timely claim, resolution [of the challenge] ... turns on questions of law which are reviewed *de novo*." *Cruz v. Maypa*, 773 F.3d 138, 143 (4th Cir. 2014)

(internal quotation marks omitted). If Mr. Allen's delivering of the complaints did not independently satisfy Title VII's filing requirement, the district court erred in refusing to equitably toll the filing period until the court-established deadline for Mr. Allen to pay his filing fee and the court's subsequent direction to the clerk to file Mr. Allen's complaints.

**A.    Tolling Is Appropriate During the Pendency of an IFP Motion and for a Reasonable Time To Pay Filing Fees After a Denial.**

The weight of precedent and reason recognizes that tolling of a non-jurisdictional limitations period is appropriate during the pendency of an IFP motion and, where the motion is denied, for a reasonable time thereafter for a plaintiff to pay his filing fee.

1.    In addition to the circuits that have held a complaint is filed when it is delivered to the clerk, three other circuits have found or suggested that tolling may be appropriate for non-jurisdictional limitations periods during the pendency of an IFP application and, where denied, for a reasonable time thereafter for the plaintiff to pay the filing fee. This Court has adopted similar reasoning in a closely related context concerning the timeliness of service of a complaint under Federal Rule of Civil Procedure 4(m).

In *Jarrett*, the Tenth Circuit held that a Title VII complaint was "constructively filed," for purposes of 42 U.S.C. § 2000e-5(f)(1), "upon presentation to the court clerk when accompanied by an IFP motion," such that a subsequent "formal filing 'relates back'—upon grant of pauper status—to the 'lodging' of the complaint with the clerk." 22 F.3d at 259. The court of appeals in *Jarrett* concluded that this "legal fiction" of constructive filing "only exists until the IFP motion is ruled upon," and it refused, "under the facts of th[at] case," to afford equitable tolling to the plaintiff for the five months she took to pay the filing fee after her IFP motion was denied. *Id.*; *see id.* (finding that five months was "an unreasonable amount of time in which to tender the filing fee"). But the court acknowledged that it could be appropriate in other cases to afford the plaintiff "a 'grace period' in which to pay the filing fee, during which time 'relation back' is still available." *Id.*

In *Williams-Guice*, the Seventh Circuit agreed with the Tenth Circuit that "the lodging of a complaint" by a party who is ultimately found "not entitled to proceed IFP suspends the period of limitations, which begins once again when the judge decides that payment is essential." 45 F.3d at 164 (citing *Jarrett*, *supra*). And it further agreed

27

that, at least where a limitations period is non-jurisdictional, as in Title VII, "courts have some power to accommodate … frictions within the system of litigation." *Id.* at 165. The Seventh Circuit declined to afford tolling where the plaintiff waited 103 days after the IFP motion was denied—*i.e.*, 88 days more than the local rules allowed—to pay the filing fee. *Id.* But like the Tenth Circuit, the court suggested that it could be appropriate in another case for a court to find that the limitations period "remains in suspension for a reasonable time—perhaps a time defined by local rules—after" a district court denies an IFP motion. *Id.*

In *McGill v. U.S. Express Truck Co.*, 290 F. App'x 373, 374 (2008) (citing *Casanova v. Dubois*, 304 F.3d 75, 80 (1st Cir. 2002)), the First Circuit reached a similar conclusion. There, the Title VII plaintiff filed her complaint along with an IFP application within the 90-day period provided by 42 U.S.C. § 2000e-5(f)(1), but the district court ultimately found that the application was incomplete. *Id.* at 373. By the time that the plaintiff re-submitted a "proper and complete IFP application," the 90-day period had run. *Id.*; *see id.* at 373-74. Nevertheless, the court of appeals determined the filing of even an incomplete IFP motion is sufficient to toll the limitations period until the district court rules on it.

*Id.* at 374. Because the plaintiff promptly re-submitted a proper IFP application after the first denial—which was eventually granted—the court determined the complaint was timely. *Id.* And it further explained that, "[e]ven if the district court had denied [the plaintiff's] amended IFP application, she would have been entitled to a reasonable time in which to pay the filing fee. *Id.* (citing *Williams-Guice*, *supra*; *Jarrett*, *supra*).

Finally, in *Robinson v. Clipse*, 602 F.3d 605 (4th Cir. 2010), this Court held in a similar context that the 120-day period for service of a complaint under Rule 4(m) is tolled during the pendency of the district court's pre-service screening of an IFP complaint. *Id.* at 608; *see* 28 U.S.C. § 1915A ("The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."). Because the plaintiff could not effectuate service until the district court completed the screening process, the Court found that the 120-day period was tolled for more than a year and a half while the plaintiff appealed the district court's original dismissal of his suit. *Id.*

2.    The reasoning supporting equitable tolling in these circumstances is straightforward.  If a complaint is not filed until an IFP application is approved or a filing fee is paid after an IFP application is denied, *but see* Part I, *supra*, equitable tolling must be available to prevent judicial delay "solely within the control of the district court" from causing a plaintiff's complaint to be untimely.  *Robinson*, 602 F.3d at 608 (citation omitted).

As the Tenth Circuit explained, "[s]uppose a litigant presents a complaint and IFP petition to the court clerk within the statute of limitation period, but the court clerk does not officially file the complaint.  Then, the district court does not rule on the IFP petition until after the limitation period."  *Jarrett*, 22 F.3d at 259.  If equitable tolling is not afforded, "[e]ven if pauper status is granted, the complaint will not be timely filed."  *Id.*  An IFP plaintiff "should not be penalized for a delay caused by the court's consideration" of the IFP application.  *Robinson*, 602 F.3d at 608.  Imposing a "strict application of a statute of limitations" in those circumstances to deprive a plaintiff of a potentially meritorious claim because of his pauper status "would be unconscionable" and work "a gross injustice."  *Rouse*, 339 F.3d at 246.

The district court recognized as much in its memorandum opinion on defendants' motion to dismiss:

> [T]his court has recognized previously that the filing period properly is tolled during the pendency of an in forma pauperis motion prior to denial of any such motion … . Here, applying this rule of equitable tolling, plaintiff filed his motion for leave to proceed in forma pauperis on November 1, 2018, and the court implicitly denied the motion on November 29, 2018, by ordering plaintiff to pay the filing fee on or before December 13, 2018. Thus, … the court must toll the filing period from November 1, 2018, to December 3, 2018 (allowing for three days receipt of the order).

JA59.

The same logic applies to a reasonable period of time after the denial of an IFP application for the plaintiff to tender his filing fee. Just as a plaintiff should not be deprived of his ability to pursue a claim based on need to seek IFP status from a district court, nor should he be deprived of some undefined number of days from the limitations period because he sought such approval in good faith—even if that application is ultimately denied. *See Jarrett*, 22 F.3d at 259 (recognizing that a "grace period," in which to pay filing fees may be appropriate); *Williams-Guice*, 45 F.3d at 165 (similar). The standards for seeking IFP status are notoriously vague. "With no standard ex ante, judges are left to determine how much income is too low, how many expenses are too high, and how many assets

31

are too few."  Andrew Hammond, *Pleading Poverty in Federal Court*, 128 Yale L.J. 1478, 1482 (2019).  Indeed, although Mr. Allen was denied IFP status in the district court, he was granted such status in this Court.  It would be unconscionable to dismiss his complaint in this case because he took two weeks, after the court's denial of his applications, to tender the $400 filing fee *in accordance with the deadline that the district court imposed.  See* JA31 (ordering Mr. Allen on November 29, 2018, to pay his filing fee by December 13); JA3, 37 (noting that Mr. Allen paid the filing fee on that day).

## B.    The District Court's Rationales for Refusing Equitable Tolling Are Unsound.

The district court refused to afford Mr. Allen equitable tolling on two grounds.  Neither has merit.

1.    The district court first held that equitable tolling was "preclude[d]" in this case under the doctrine of clean hands. JA117.  That doctrine rests on "the equitable maxim that 'he who comes into equity must come with clean hands.'"  *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814 (1945).  The court reasoned that Mr. Allen came to it with unclean hands because he (1) incorrectly stated the date on which he received his right-to-sue letters; (2) incorrectly stated

the date on which he received the magistrate judge's recommendation to deny his IFP motions in his request an extension of time to pay the filing fees; (3) propounded discovery requests that were not permitted by the court's case management order; and (4) filed motions for summary judgment out of time.  JA118-19.

As an initial matter, the district court cited no decision from this Court applying the doctrine of clean hands to a request for equitable tolling of a statute of limitations or similar timing requirement for seeking legal (rather than equitable) relief—and Appellant is aware of none.  *See, e.g., Ford v. Artiga*, No. 12-cv-2370, 2013 WL 3941335, at *7 (E.D. Cal. July 30, 2013) ("The doctrine of unclean hands is not applicable to whether the statute of limitations was tolled for plaintiff's action."); *see also Bonner v. Cty. of Los Angeles*, No. 15-cv-8885, 2016 WL 11743234, at *3 (C.D. Cal. Aug. 22, 2016) (expressing doubt whether a court "could employ th[e] doctrine in connection with the equitable tolling doctrine").

Even if it could apply, the doctrine of clean hands would not preclude equitable tolling here.  The doctrine precludes equitable relief only where the plaintiff is "tainted with inequitableness or bad faith *relative to the matter in which he seeks relief*."  *Precision Instrument*, 324

33

U.S. at 814 (emphasis added). "A court can deny relief under the doctrine … only when there is a close nexus between a party's unethical conduct and the transactions on which that party seeks relief." *In re Uwimana*, 274 F.3d 806, 810 (4th Cir. 2001). Neither Mr. Allen's purported errors in the discovery process nor the timing of his summary judgment motions have any relation to his request for equitable tolling of the deadline to file his complaints.

Moreover, while Mr. Allen's unintentional inclusion of incorrect dates concerning his receipt of the right-to-sue letters and the magistrate judge's recommendation is less far afield, they similarly lack the "immediate and necessary relation," *Keystone Driller Co. v. Gen. Excavator Co.*, 290 U.S. 240, 245 (1933), to Mr. Allen's request for tolling that the doctrine requires, because neither misstatement was material to the timeliness of his complaints. Under either the date in Mr. Allen's complaints or the date the court determined that he actually received the right-to-sue letters, Mr. Allen delivered his complaints and IFP motions to the court within 90 days. *See* p. 4, *supra*. And Mr. Allen's request for an extension of time to pay the filing fees was filed by the deadline for objecting to the magistrate judge's recommendation, irrespective of the

date he received it. *Compare* JA34 ("You shall have until November 27, 2018 to file written objections[.]), *with* JA27, 35 (showing that Mr. Allen's motions for extension were filed on November 27, 2018).

2.     The district court also erred in reasoning that Mr. Allen had failed to "demonstrate[] due diligence and extraordinary circumstances necessary for tolling." JA120. As for diligence, the court stated that Mr. Allen did not file his IFP motions, with his attached complaints, until 84 days into the 90-day limitation period. *Id.* And it faulted Mr. Allen for waiting until the deadline for filing objections to the magistrate judge's recommendation to request an extension of time to pay the filing fees and again waiting until the deadline set by the court to actually pay his filing fee. *Id.* As for extraordinary circumstances, the court reasoned that Mr. Allen failed to allege that he was "induced or tricked by [the Appellees'] misconduct into allowing [a] filing deadline to pass" or any other extraordinary circumstance "beyond his control." *Id.* Both aspects of that rationale are flawed.

 "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Lawrence v. Lynch*, 826 F.3d 198, 204 (4th Cir. 2016) (quoting *Holland v. Florida*, 560 U.S. 631, 653

(2010)).  Mr. Allen properly exhausted his administrative remedies with the EEOC.  He delivered to the court two complaints against Appellees within the 90-day deadline imposed by Title VII.  He preemptively filed a motion for an extension of time to pay his filing fees before the district court had even accepted the magistrate judge's recommendation to deny Mr. Allen's IFP motions.  He timely paid the filing fee in accordance with the court's order.  And he did it all *pro se*.  Even if Mr. Allen's diligence may not have been extraordinary, it was plainly reasonable.

As for extraordinary circumstances, as explained above, if the timeliness of Mr. Allen's complaints depended on the court's dispatch in ruling on his IFP motion, he *was* precluded from satisfying Title VII's timing requirement by circumstances beyond his control.  See *Robinson*, 602 F.3d at 608 (recognizing that any delay attributable to a court's consideration of the IFP requirements "is solely within the control of the district court").  And with respect to the two weeks Mr. Allen took to pay his filing fee after his IFP motions were denied, it may well be true that the Appellees did not induce him to miss any filing deadline.  But in granting Mr. Allen's request for an extension, the district court itself "directed [Mr. Allen] to pay a single filing fee for the consolidated case …

on or before December 13, 2018, and thereafter make all filings only in th[e] consolidated case[.]" JA31 (capitalization and emphasis omitted).

Equitable tolling is appropriate where a plaintiff is misled by a court order into believing he has complied or will be able to comply with an applicable limitations period. *See, e.g.*, *Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013); *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002); *United States v. Patterson*, 211 F.3d 927, 931 (5th Cir. 2000); *see also Robinson v. America's Best Contacts & Eyeglasses*, 876 F.2d 596, 598 (7th Cir. 1989) (analyzing tolling effect of local rule and order granting extension of time); *Humphries v. CBOCS W., Inc.*, 343 F. Supp. 2d 670, 673 (N.D. Ill. 2004) (holding that an order granting an extension should be read to toll the 90-day period). A reasonable person reading the court's extension order, particularly one lacking legal sophistication, would understand that, if he paid the fee "on or before December 13," the consolidated case would continue. JA31. That reasonable misunderstanding provides ample grounds to extend equitable tolling through Mr. Allen's compliance with the district court's direction.

## CONCLUSION

For the foregoing reasons, the district court's judgment should be reversed, and this case should be remanded for further proceedings.

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Federal Rule of Appellate Procedure 34(a) and Fourth Circuit Local Rule 34(a), Andrew Allen states that oral argument is necessary and would significantly aid in the decisional process.

Dated: April 29, 2022                Respectfully submitted,

**Andrew Allen**

*By Counsel*

 */s/ Jonathan Y. Ellis*

Jonathan Y. Ellis
MCGUIREWOODS LLP
501 Fayetteville St.
Suite 500
Raleigh, NC 27601
(919) 755-6688
jellis@mcguirewoods.com

James A. Compton
MCGUIREWOODS LLP
888 16th St. NW
Washington, DC 20006
(202) 857-1700
jcompton@mcguirewoods.com

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitations of Federal Rule of Appellate Procedure 32(a)(7)(B) because this brief contains 8,075 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).

This brief complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 32(a)(5) and 32(a)(6) because it has been prepared in a proportionally spaced 14-point Century Schoolbook font using Microsoft Word.

Dated: April 29, 2022                    **Andrew Allen**

*By Counsel*


 */s/ Jonathan Y. Ellis*

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2022, the foregoing was electronically filed with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit using the appellate CM/ECF system. All participants in the case are registered CM/ECF users and will be served by the system.

Dated: April 29, 2022                    **Andrew Allen**

                                        *By Counsel*

                                        */s/ Jonathan Y. Ellis*