No. 20-1910

IN THE
UNITED STATES DISTRICT COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

ANDREW ALLEN,

Plaintiff-Appellant,

vs.

ATLAS BOX AND CRATING
CO., INC. and ALL-IN-ONE
STAFFING, LLC,

Defendants-Appellees.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NORTH CAROLINA

_____

**COMBINED BRIEF OF APPELLEES, ATLAS BOX AND CRATING CO.
and ALL-IN-ONE STAFFING, LLC**

_____

Benjamin T. McLawhorn
The Law Office of Benjamin T. McLawhorn
5720 Creedmoor Road,
Suite 205
Raleigh, NC 27612
(919) 364-8975

Kathleen K. Lucchesi
Jackson Lewis, PC
200 South College Street
Suite 1550
Charlotte, NC 28202
(980) 465-7245

*Counsel for Appellees, Atlas Box & Crating Co., Inc. and All-In-One Staffing, LLC*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................... 3

INTRODUCTION ........................................................................... 6

STATEMENT OF JURISDICTION .................................................. 6

STATEMENT OF ISSUES PRESENTED FOR REVIEW ................... 6

STATEMENT OF THE CASE ........................................................ 7

SUMMARY OF THE ARGUMENT ................................................ 11

ARGUMENT ................................................................................ 12

   I.   THE DISTRICT COURT PROPERLY GRANTED APPELLEES' MOTIONS FOR SUMMARY JUDGMENT BECAUSE APPELLANT FAILED TO MEET HIS 90-DAY FILING DEADLINE AFTER RECEIVING THE EEOC'S RIGHT TO SUE LETTERS. ................................................. 12

   II.   THE DISTRICT COURT WAS CORRECT IN DECLINING TO EQUITABLY TOLL THE STATUTE OF LIMITATIONS. ............................. 16

      A.   The District Court's Application of The Clean Hands Doctrine was Appropriate in The Refusal of Equitable Tolling. ............................. 18

      B.   Appellant Did Not Meet the Criteria Necessary to Warrant the Application of Equitable Tolling to The Filing Period. ................................ 22

CONCLUSION ............................................................................. 25

STATEMENT REGARDING ORAL ARGUMENT ............................ 25

## TABLE OF AUTHORITIES

**Cases:**

*Alexander v. Cockrell*, 294 F.3d 626, 628 (5th Cir. 2002) ......................................16

*Bishop v. Apfel*, 91 F. Supp. 2d 893, 894 (W.D. Va. Mar. 16, 2000)......................14

*Blundell v. Wake Forest Univ. Baptist Med. Ctr.*, No. 1:03CV998, 2005 U.S. Dist. LEXIS 56179, *7 (E.D.N.C. Apr. 11, 2005).......................................................13

*Buchanan Home & Auto Supply Co. v. Firestone Tire & Rubber Co.*, 544 F. Supp. 242, 243 (D.S.C. 1981)...........................................................................................19

*Dalton v. Hernandez*, 504 U.S. 25, 27 (1992) .......................................................12

*Dixon v. Digital Equip. Corp.*, 976 F.2d 725, 1992 U.S. App. LEXIS 24923, at *1-4 (4th Cir. 1992) ...................................................................................................14

*Harris v. Hutchinson*, 209 F.3d 330 (4th Cir. 2000) .............................................15

*Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir. 1987) .......14

*Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 92 (1990)....................................11

*Irwin v. Dep't of Veterans Affairs*, 498 U.S. 96 (1990)................................... 16, 21

*Jarrett v. U.S. Sprint Communications Co.,* 22 F.3d 256, 259 (10th Cir. 1994).....13

*Kelly v. City of Alexandria*, Civil Action No. 1:19-cv-00553, 2019 U.S. Dist. LEXIS 234895, at *2 (E.D. Va. July 30, 2019) ...................................................23

*Kelly v. City of Alexandria*, Civil Action No. 1:19-cv-00553, 2019 U.S. Dist. LEXIS 234895, at *4 (E.D. Va. July 30, 2019) ...................................................16

*Lassiter v. N. Carolina Cmty. Health Ctr. Ass'n*, 367 F. Supp. 3d 435, 439 (E.D.N.C. 2019)...................................................................................................13

*Perry v. Accurate Staffing Consultants, Inc.*, No. 3:10-cv-201-FDW-DCK, 2010 U.S. Dist. LEXIS 65204, at *5-6 (W.D.N.C. June 30, 2010) .............................15

*Republic of Rwanda v. Uwimana (In re Uwimana)*, 274 F.3d 806, 808 (4th Cir. 2001).................................................................................................................19

*Riddick v. Shinseki*, No. 5:12-CV-766-D, 2013 U.S. Dist. LEXIS 67423, *4 (E.D.N.C. May 13, 2013) .................................................................................14

*Rouse v. Lee*, 339 F.3d 238, 248 (4th Cir. 2003) ............................................. 16, 22

*Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 203 (1993) ........................................................................................12

*Shaw v. Churdar*, No. 6:09-2149-HFF-BHH, 2009 U.S. Dist. LEXIS 78397, at *1 (D.S.C. Sep. 1, 2009) ........................................................................................19

*Truitt v. Cty. of Wayne*, 148 F.3d 644, 647-48 (6th Cir. 1998) ..............................13

*Tubby v. Donahoe*, 2015 U.S. Dist. LEXIS 12039, 2015 WL 413787, at *5, *5 n.7 (M.D.N.C. Jan. 30, 2015) ...................................................................................16

*Tubby v. Donahoe*, No. 1:13CV363, 2015 U.S. Dist. LEXIS 12039, at *8 (M.D.N.C. Jan. 30, 2015) ...................................................................................22

*Ubo v. Knowles*, 480 F. Supp. 2d 850, 853 (E.D. Va. 2007) ...................................15

*United States v. Sosa*, 364 F.3d 507,512 (4th Cir. 2004) ........................................15

*Wells v. Apfel*, 103 F. Supp. 2d 893, 899 (W.D. Va. 2000) .....................................12

*Williams-Guice v. Bd. of Education*, 45 F.3d 161, 164-65 (7th Cir. 1995) .............13

*Wright v. Tyson Foods, Inc.*, No. 5:18-CV-27-D, 2018 U.S. Dist. LEXIS 109943, *4 (W.D.N.C. June 30, 2018) ...............................................................................14

*Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) ...............................15

**Statutes:**

28 U.S.C. § 1914(a) and (c). .....................................................................................11

28 U.S.C. § 1915 .......................................................................................................12

28 U.S.C. § 1915(a) ...................................................................................................12

28 U.S.C. § 1915(e)(2)(A) .........................................................................................12

42 U.S.C. § 20003-5(f)(1) ............................................................................... 7, 8, 9

42 U.S.C. § 2000e-5(f)(1) ..........................................................................................11

**Rules**

Fed. R. Civ. P. 3 .......................................................................................................11

Fed. R. Civ. P. 5(d)(2)(A) ..........................................................................................12

Federal Rule of Appellate Procedure 34(a) ...........................................................23

Fed. R. App. Pro. 34(a)(2) ...............................................................................23

Fourth Circuit Local Rule 34(a)...........................................................................23

## **INTRODUCTION**

In sum, this matter involves a frivolous Appeal brought by Plaintiff-Appellant Andrew Allen, who has made misrepresentations to the District court, as well as this Court, in a futile attempt to save his lawsuit from dismissal.[1]  As a result, and as explained in detail below, Appellees respectfully request that the district court's decision be affirmed, and Appellant's appeal be denied.

## **STATEMENT OF JURISDICTION**

Appellees agree with Appellant that the district court had jurisdiction regarding Appellant's Complaint and that this Court has jurisdiction over the appeal.

## **STATEMENT OF ISSUES PRESENTED FOR REVIEW**

Appellees do not claim any error by the district court and present the following questions for the Court of Appeals' determination:

1.    Whether the District Court properly granted Appellees' Motions for Summary Judgment because Appellant failed to meet his 90-day filing deadline after receiving the EEOC's Right to Sue Letters.

2.    Whether the District Court was correct in declining to equitably toll the statute of limitation.

---

[1] Plaintiff-Appellant Andrew Allen is referred to herein as "Appellant."

## <u>STATEMENT OF THE CASE</u>

1.     On November 1, 2018, Appellant brought two motions to the U.S. District court for the Eastern District of North Carolina to proceed in forma pauperis (IFP) in two lawsuits - one against Appellee Atlas Box and Crating Co., Inc., and one against Appellee All-in-One Staffing, LLC. JA10-14, 128-32. Appellant filed his motion to proceed in IFP and simultaneously delivered his two complaints, which were not filed. JA15-23, 133-41. Appellant's complaints alleged that his employment was wrongfully terminated in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 20003 *et seq*. JA21, 141. Each complaint had a Dismissal and Notice of Rights ("Right to Sue Letter") that was issued by the Equal Employment Opportunity Commission ("EEOC") on August 3, 2018. JA22-23, 139-40.

2.     Appellant received the EEOC's Right to Sue Letters in both charges on August 8, 2018 but misrepresented the date in his complaints and stated that he received the Right to Sue Letters on August 23, 2018. JA19, 137.

When Appellant brought his IFP motions to the court on November 1, 2018, the motions were stamped as "FILED", whereas the complaints he brought were just stamped as "RECEIVED" and not as "FILED". JA10, 15, 128, 133. The next day, on November 2, 2018, the court referred the IFP motions to a magistrate judge. JA2. On November 8, 2018, the magistrate judge denied the motion for Appellant to

proceed in IFP. JA2, 24-26, 142-44. The Appellant waited until November 27, 2018, did not raise objections to the magistrate judge's recommendation and further requested an extension of time to pay the filing fees that were past due. JA27-29, 35-36.

On November 29, 2018, the District court consolidated Appellant's two cases, denied his application to proceed IFP, and granted him an extension of time to pay the filing fees by December 13, 2018. JA2, 30-31. Appellant paid the fee on that date, but his complaint was not filed by the clerk until December 17, 2018. JA3, 37.

　　3.　In June and July 2019, both Appellees filed motions to dismiss the complaints because the Appellant's complaints were time-barred under 42 U.S.C. § 20003-5(f)(1), which states that Title VII plaintiffs are required to bring any civil suit within 90 days of receiving a right-to-sue letter from the EEOC. JA5, JA56. At that time, the District court denied both motions, observing that Appellant had filed his IFP applications within 90 days of receiving the EEOC's Right to Sue Letters on August 23, 2018, the date Appellant had listed on his complaints as the day he had received the letters. JA55-64. The court said that "the filing period is properly tolled during the pendency of an in forma pauperis motion prior to denial of any such motion." JA59. Due to the applied equitable tolling during the IFP application process, and the court operating off the date of receipt of the EEOC Right to Sue

Letters as August 23, 2018, the court believed that the 90-day period did not expire until December 24, 2018. *Id*.

4.    While the cases were in discovery, it became apparent that Appellant misrepresented the date he received the EEOC's Right to Sue Letters and that he had actually received the Right to Sue Letters two (2) weeks earlier than he told the court. JA77-78. Appellant claimed on his complaints that he had received the Right to Sue Letters on August 23, 2018, but he received them on August 8, 2018. *Id*. Once his misrepresentation of the actual date of receipt was revealed by his own testimony, Appellant tried to cover up this fact by saying he had been confused by the dates of the Right to Sue Letters, but Appellant sent a letter to the EEOC on August 12, 2018, concerning his objections to the Right to Sue Letters. JA73-74. After the misrepresentation of the actual date of receipt of the Right to Sue Letters was uncovered, the Appellees once again renewed their motions for summary judgment on the basis that the complaints were time barred. JA7.

The District court granted Appellees' motions for summary judgment based on the untimeliness of the filing of the complaints due to the actual date of Appellant's receipt of the Right to Sue Letters. JA109-24. Appellant then tried to argue he had received the All-in-One Dismissal on a later date, but the court found no evidence to support his claim. The Court found that Appellant had received both Right to Sue Letters on August 8, 2018. JA116.

Since the date of receipt was August 8, 2018, the 90-day period to file expired on December 10, 2018, and because Appellant's complaint was not filed with the court until December 17, 2018, Appellant's complaint was outside of the 90-day period. *Id.*

Although the court had previously applied the doctrine of equitable tolling during the pendency of the IFP motion, the District court held at summary judgment that equitable tolling was not warranted "for two independent reasons." JA117. First, the court ruled that equitable tolling could not be applied to this case because of the doctrine of clean hands, which "closed the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief." JA117-19. The court found the Appellant to be acting in bad faith in relation to his case because of his misrepresentation of the date he received the Right to Sue Letters. JA117.

In addition to this act of bad faith, the court found that Appellant's failure to correct the misrepresentation and other errors he had made during the litigation also barred Appellant from any equitable tolling. JA117-19. Second, the court held that Appellant had not demonstrated "due diligence nor the extraordinary circumstances" required to warrant the doctrine of equitable tolling. JA120-22. Appellant did not meet "the level of due diligence necessary" because he waited to file the IFP motions until the end of the 90-day period, he waited until the last day to file his motion for

an extension of time, and he waited until the last day the court allowed to pay his filing fee. *Id*. The court also found that Appellant had given no evidence "that extraordinary circumstance prevented him from filing his complaint during the limitations period." *Id*.

Thus, the District court did not apply equitable tolling in this case and granted summary judgment to Appellees based on the untimeliness of the Appellant's filing of his complaints. JA121-23. Appellant appealed the court's decision. JA125

## SUMMARY OF THE ARGUMENT

Appellant initiated this matter November 1, 2018, by filing two (2) IFP motions which relied upon proposed complaints in which he alleged Appellees violated Title VII of the Civil Rights Act of 1964, as amended ("Title VII") during his employment. Appellant also claimed in the proposed complaints that he received Right to Sue Letters from the EEOC on August 23, 2018. Appellant did not file the complaints at the time he filed the IFP motions. Rather, he only filed the IFP motions.

Appellant's IFP motions were denied on November 29, 20218. Appellant ultimately paid the federal court filing fee on December 13, 2018, and his complaints were filed by the Clerk of Court on December 17, 2018.

Appellant later admitted in his discovery responses that he received the Right to Sue Letters on August 8, 2018, but also testified during his deposition that he had

made a mistake in the complaints and meant to write August 3, 2018, instead of August 23, 2018.

Appellees filed Motions for Summary Judgment arguing Appellant's claims were untimely and that he had attempted to perpetuate fraud on the Court to keep his claims alive. The District court did not address the substantive issues of Appellant's race discrimination claim as it determined Appellant failed to meet the procedural requirements and acted in bad faith in his representations to the Court. The District court properly granted summary judgment in favor of Appellees.

## **ARGUMENT**

## I.    THE DISTRICT COURT PROPERLY GRANTED APPELLEES' MOTIONS FOR SUMMARY JUDGMENT BECAUSE APPELLANT FAILED TO MEET HIS 90-DAY FILING DEADLINE AFTER RECEIVING THE EEOC'S RIGHT TO SUE LETTERS.

Title VII provides a time limit for lawsuits brought by persons aggrieved by discriminatory adverse employment actions "within ninety days after the giving of [notice of rights to sue,] a civil action may be brought against the respondent" named in an EEOC charge.  42 U.S.C. § 2000e-5(f)(1).  A claim is time barred if it is not filed within this time limit.  *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 92 (1990).  Title VII's timely filing requirements are "like a statute of limitations, subject to waiver, estoppel, and equitable tolling." *Chacko v. Patuxent Inst.,* 429 F.

3d 505, 513 n. 5 (4th Cir. 2005 (*quoting*, *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393).

Rule 3 of the Federal Rules of Civil Procedure stated that a "civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. A party filing a lawsuit is required to pay a filing fee, a fee that each "district court by rule or standing order may require advance payment of fees." 28 U.S.C. § 1914(a) and (c). While nonelectronic filings are considered "filed by delivering it to the clerk", Appellant did not deliver his complaints to the clerk for filing. Instead, he delivered to the clerk for filing two (2) IFP motions in which the complaints were attached as proposed complaints. See Fed. R. Civ. P. 5(d)(2)(A).

"The federal in forma pauperis statute, codified at 28 U.S.C. § 1915, allows an indigent litigant to commence a civil or criminal action in federal court without paying the administrative costs of proceeding with the lawsuit." *Dalton v. Hernandez*, 504 U.S. 25, 27 (1992). A court "may authorize the commencement" of a civil lawsuit without requiring the indigent litigant to prepay fees upon that person's submission of an affidavit attesting to his inability to pay the filing fee and still be able to provide himself and his family "with the necessities of life." 28 U.S.C. § 1915(a); *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 203 (1993) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). "Notwithstanding any filing fee, or any portions thereof, that

may have been paid, the court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue. . .." 28 U.S.C. § 1915(e)(2)(A).

Within the Fourth Circuit, filing fees are not a jurisdictional requirement and thus, are subject to wavier, estoppel, and equitable tolling. *Wells v. Apfel*, 103 F. Supp. 2d 893, 899 (W.D. Va. 2000). A complaint accompanied by an IFP motion is deemed to toll the statute of limitations, but only while the IFP motion is pending. *Lassiter v. N. Carolina Cmty. Health Ctr. Ass'n*, 367 F. Supp. 3d 435, 439 (E.D.N.C. 2019); see also *Jarrett v. U.S. Sprint Communications Co.,* 22 F.3d 256, 259 (10th Cir. 1994). "This is a form of 'constructive filing,' in that in order to preserve a litigant's rights, a complaint accompanied by an IFP petition is deemed timely filed for statute of limitations purposes when filed with the court, as long as that IFP status is actually granted, or if denied, if petitioner pays the filing fee within a reasonable time after the IFP denial." *Blundell v. Wake Forest Univ. Baptist Med. Ctr*., No. 1:03CV998, 2005 U.S. Dist. LEXIS 56179, \*7 (E.D.N.C. Apr. 11, 2005); *Truitt v. Cty. of Wayne*, 148 F.3d 644, 647-48 (6th Cir. 1998); *Williams-Guice v. Bd. of Education*, 45 F.3d 161, 164-65 (7th Cir. 1995)(holding that after denial of IFP status, the statute of limitation clock resumes ticking).

In this case, Appellant's lawsuit was not timely filed. Appellant received the Right to Sue Letters on or before August 8, 2018 (not August 23, 2018, as he previously represented). JA22-23, 139-40. On November 1, 2018, Appellant filed

his IFP petition, which temporarily paused Appellant's 90-day filing deadline.[2] JA10-14, 128-32. As of October 31, 2018, 84 of the 90 days of Appellant's 90-day filing deadline had run. Appellant's 90-day filing deadline was tolled until his IFP Application was denied by the Court. See, *Riddick v. Shinseki*, No. 5:12-CV-766-D, 2013 U.S. Dist. LEXIS 67423, *4 (E.D.N.C. May 13, 2013). On November 29, 2018, the court implicitly denied Appellant's IFP application by ordering Appellant to pay the filing fee. JA2, 30-31. In sum, Appellant's 90-day filing deadline was tolled "from November 1, 2018, until December 3, 2018 (allowing for three days receipt of the Court's order)." JA6, 59.

Thereafter, Appellant's 90-day filing deadline "started running again on December 4, 2019," and subsequently reached 90 days on December 10, 2018. JA6, 59. However, Appellant did not pay his filing fee until December 13, 2018, and Appellant's Complaint was not filed until December 17, 2018. JA6, 59. Because the court denied Appellant's IFP petition, he was required to pay the filing fee within the time remaining under the 90-day statute of limitations to commence the action. *Bishop v. Apfel*, 91 F. Supp. 2d 893, 894 (W.D. Va. Mar. 16, 2000). He failed to do so.

---

[2] As noted below, Appellees respectfully contend that equitable tolling should not apply in this case beyond this initial tolling in connection with the court's determination regarding Appellant's IFP petition.

Appellant's lawsuit was filed beyond the 90-day filing deadline and, as a result, should be dismissed. *Wright v. Tyson Foods, Inc.*, No. 5:18-CV-27-D, 2018 U.S. Dist. LEXIS 109943, *4 (W.D.N.C. June 30, 2018) (Title VII claims barred where IFP application filed one day beyond 90-day deadline); *Dixon v. Digital Equip. Corp.*, 976 F.2d 725, 1992 U.S. App. LEXIS 24923, at *1-4 (4th Cir. 1992) (affirming dismissal of Title VII lawsuit filed one day after 90-day *deadline);* *Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir. 1987) (barring Title VII lawsuit filed 91 days after plaintiff's wife had received EEOC dismissal letter) (emphasis added).

As such, the district court properly dismissed Appellant's claims.

## II.    THE DISTRICT COURT WAS CORRECT IN DECLINING TO EQUITABLY TOLL THE STATUTE OF LIMITATIONS.

This Court should affirm the district court's decision and hold that the 90-day period should not have been equitably tolled in the period between when Appellant filed his IFP application and when he paid his filing fee. Title VII's 90-day period to file suit is a non-jurisdictional requirement and is subject to doctrines such as equitable tolling. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). Equitable tolling is when the court excuses an untimely filing of a complaint. *Perry v. Accurate Staffing Consultants, Inc.*, No. 3:10-cv-201-FDW-DCK, 2010 U.S. Dist. LEXIS 65204, at *5-6 (W.D.N.C. June 30, 2010).

Appellant must provide certain facts to qualify for equitable tolling. *Ubo v. Knowles*, 480 F. Supp. 2d 850, 853 (E.D. Va. 2007). Appellant must show "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented from filing on time" to qualify for equitable tolling. *United States v. Sosa*, 364 F.3d 507,512 (4th Cir. 2004). Whether equitable tolling is granted by the court depends on the specific circumstances and facts of the case at hand. *Harris v. Hutchinson*, 209 F.3d 330 (4th Cir. 2000). Appellant bears the burden of proving the requirements for equitable tolling and must demonstrate all three (3) elements. *Alexander v. Cockrell*, 294 F.3d 626, 628 (5th Cir. 2002).

Equitable tolling is applied very rarely; it is the exception, not the rule. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 96 (1990). The Fourth Circuit has determined that excusable neglect does not warrant equitable tolling. *Irwin*, 498 U.S. at 96. A plaintiff's misunderstanding of the statutory limitations is not considered an extraordinary circumstance. *Rouse v. Lee*, 339 F.3d 238, 248 (4th Cir. 2003). Likewise, a *pro se* plaintiff is not excused from filing within the statutory limitation just because of their ignorance of the law. *Alexander*, 294 F.3d at 628 (5th Cir. 2002). Any kind of delay in paying the filing fee, even a minor delay, is not considered an extraordinary circumstance that is outside of a plaintiff's control. *Tubby v. Donahoe*, 2015 U.S. Dist. LEXIS 12039, 2015 WL 413787, at *5, *5 n.7 (M.D.N.C. Jan. 30, 2015); *Kelly v. City of Alexandria*, Civil Action No. 1:19-cv-00553, 2019 U.S. Dist.

LEXIS 234895, at *4 (E.D. Va. July 30, 2019). Appellant did not meet the requirements of Title VII's filing period and does not meet the requirements for equitable tolling. The district court did not err in refusing to equitably toll the filing period for Appellant's complaints.

A.    **The District Court's Application of The Clean Hands Doctrine was Appropriate in The Refusal of Equitable Tolling.**

The district court refused to award Appellant equitable tolling on two separate grounds, the first of which is the doctrine of clean hands, which is appropriate due to Appellant's apparent acts of bad faith during the litigation.

In February 2020, Appellant served discovery responses and responses to requests for admission in which he noted he was not sure exactly when he received the Right to Sue Letters, but meant to write August 3, 20218 instead of August 23, 2018, in his complaints. JA85, 88, 118. During his March 2, 2020 deposition, Appellant testified as follows regarding when he received the Dismissal:

Q.    So you admit that August 23rd, 2018, was not the accurate - - was not the correct date that you received it [the Dismissal]?

A.    I received the - - I see what it was. I received this letter [the Dismissal] - - I did it the 8th, received my right-to-sue letter for - - I'm going to be honest - - for Atlas Box and Crating, I received the letter [the Dismissal] August the 8th.

Q.    Okay. So if you - -

A.    No, I did not receive this [the Dismissal] the 23rd.

JA 78-79. Thus, during his deposition Appellant testified under oath that he received the Dismissal on August 8, 2020, not August 23, 2020, as he had previously represented in the Proposed Complaint.

Additionally, Appellant's discovery responses revealed yet another false statement Appellant made to the district court. Specifically, as to his receipt of the M&R, Appellant responded: "[i]t was filed November 8, 2018 so I may have received 2 postage day[s] or later, I don't know exactly when I received it." JA 86. This admission contradicted Appellant's prior representation to the court set forth in his November 27, 2018 Motion For Extension of Time. JA27 Specifically, Appellant represented to the district court that he did not receive the M&R until November 15, 2018. Thus, during discovery, Appellant made several false statements to the district court regarding: (1) the date that he received the Right to Sue Letters and (2) the date that he received the M&R.

As such, the district court ruled that Appellant's situation did not rise to the level to apply the doctrine of equitable tolling because he was precluded under the doctrine of clean hands. JA117. The doctrine of clean hands "closed the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief." JA117-19. There are four separate reasons that the district court believed that Appellant met the criteria for the doctrine by acting in bad faith: (1) Appellant misrepresented the date he received the Right to Sue Letters; (2)

Appellant misrepresented the date he received the denial of his IFP motion when he sought more time from the Court to pay his filing fee; (3) Appellant sent discovery requests when not permitted by prior court order; and (4) Appellant filed motion(s) for summary judgment outside of the allotted time period.

The doctrine of clean hands is important for promoting the integrity of the court. A party that commits fraud, or other inequitable acts in relation to the claims they are trying to seek relief for, is no longer allowed to pursue a remedy given by the court. *Buchanan Home & Auto Supply Co. v. Firestone Tire & Rubber Co.*, 544 F. Supp. 242, 243 (D.S.C. 1981). A party whose past actions in the litigation are fraudulent is seen as a danger by the court and there is a reasonable level of doubt in their actions moving forward. *Id.* There must be a clean record for the plaintiff to move forward with their case in front of the court. *Shaw v. Churdar*, No. 6:09-2149-HFF-BHH, 2009 U.S. Dist. LEXIS 78397, at *1 (D.S.C. Sep. 1, 2009).

As the Fourth Circuit has previously ruled, "A court can deny relief under the doctrine of unclean hands only when there is a close nexus between a party's unethical conduct and the transactions on which that party seeks relief." *Republic of Rwanda v. Uwimana (In re Uwimana)*, 274 F.3d 806, 808 (4th Cir. 2001). Appellant's misrepresentations about the dates of receipt of the Right to Sue Letters and the M&R and his inability to follow court rules are closely related to his request

for the application of equitable tolling during the limitations period for the filing of his complaints.

Appellant's misrepresentations regarding the date he received the EEOC Right to Sue Letters are important because of the 90-day statute of limitation in which Appellant had to file his complaints. Appellant alleged in his complaints that he received his Right to Sue Letters on August 23, 2018; but actually received those letters on August 8, 2018. JA77. His misrepresentation gave him fifteen (15) additional days to file his complaints with the court. Appellant never mentioned he had written the wrong date until he was questioned about the discrepancy during his deposition. JA77. Appellant knew he had received the Right to Sue Letters on August 8, 2018, because on August 12, 2018, he wrote back to the EEOC with objections to their previously issued right-to-sue letters. JA67, 74. Appellant was well aware of the importance of the 90-day filing period that was emphasized on the EEOC's Right to Sue Letters. JA22-23, 139-40.

The district court noted Appellant's lack of good faith was especially troubling given he had filed five (5) cases the district prior to filing the instant case and was "not a stranger to litigation practice." JA119. The district court also noted Appellant's IFP petitions in the two (2) cases he filed immediately before the instant case were denied "giving [Appellant] ample notice that the same pathway to court based on similar financial allegations would not be fruitful." JA119.

Appellant's purposeful decision to misrepresent the date he received the right-to-sue letters and thus falsify the time period constituted bad faith. Appellant's misrepresentations, and more so, his failure to timely correct those misrepresentations once brought light, are clear evidence of bad faith, warranting the application of the doctrine of clean hands by the district court.

**B.    Appellant Did Not Meet the Criteria Necessary to Warrant the Application of Equitable Tolling to The Filing Period.**

The district court was correct in finding that Appellant did not "demonstrate due diligence and extraordinary circumstances necessary for tolling." JA120. Appellant was not diligent in the timeliness in which he communicated with the court. He was aware from the Right to Sue Letters that there is a strict 90-day period from the date of the receipt of the letters within which he had to file his complaint with the court. JA22-23, 139-40.

Yet, he waited until he had only six (6) days left in the filing period to file a motion to proceed IFP. By order of the court, his complaints against the Appellees were not filed on this day. JA15-23, 133-41. After Appellant received the magistrate judge's denial of his IFP motion from the court, he waited until the last possible day to ask the court for an extension of time in which to pay the filing fee. JA37. Once the extension was granted, he again waited until the last day to pay his filing fee, and consequently, Appellant's complaint was filed four (4) days later. All these separate

instances point to Appellant's lack of diligence in the litigation of his case. His excusable neglect in waiting until the last day to seek additional help from the court is not enough to satisfy the requirements for equitable tolling. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 96 (1990).

Appellant's lack of counsel and ignorance of the law at the time of his filing does not excuse him from the time limitations implemented by Title VII. *Alexander*, 294 F.3d at 628 (5th Cir. 2002). The district court found that even if equitable tolling had been applied while the Court considered the IFP motion was being decided, that would have expired once he received the Court's letter of denial of IFP, meaning the limitations period determined by the court was on December 10, 2018 – three (3) days before Appellant paid the filing fee required for his complaints to be filed. JA121. Being outside of the required time period by even a day is enough for the claim to be time barred. *Tubby v. Donahoe*, No. 1:13CV363, 2015 U.S. Dist. LEXIS 12039, at *8 (M.D.N.C. Jan. 30, 2015). Appellant waited until the last day multiple times to communicate with the court and missed the limitations period to file by 3 days, this is enough to prove that Appellant was not diligent in his claims and is therefore excluded from the doctrine of equitable tolling.

Appellant presented no evidence to show he had been subject to extraordinary circumstances that prevented him from paying the filing fee on time. Appellant did not misunderstand the statute of limitations detailed in his right-to-sue letters but

understood that requirement and furthermore misrepresented the dates on his complaints to try to extend his period to pay the filing fee. Even so, misunderstanding of the statute of limitations for a claim is not considered an extraordinary circumstance by the Fourth Circuit. *Rouse v. Lee*, 339 F.3d 238, 248 (4th Cir. 2003). As previously mentioned, the court determined Appellant missed the filing deadline by three (3) days. JA121. Any sort of delay, even a minor delay, in paying the filing fee is still not enough for the court to consider the delay an extraordinary circumstance. *Tubby* at 5.

The district court determined Appellant was not a candidate to proceed IFP, meaning his filing fee would not be waived because he was deemed to have the ability to pay the fee. JA24-26. The denial of the IFP motion and Appellant's lack of appeal on that decision means Appellant cannot claim that paying the fee itself was an extraordinary circumstance that caused him to be outside of the statute of limitations. *Kelly v. City of Alexandria*, Civil Action No. 1:19-cv-00553, 2019 U.S. Dist. LEXIS 234895, at *2 (E.D. Va. July 30, 2019).

The Fourth Circuit grants equitable tolling in extremely limited circumstances, equitable tolling is the exception and not the rule. *Irwin*, 498 U.S. at 96. Appellant experienced no extraordinary circumstances which kept him from filing his claims in a timely manner.

## CONCLUSION

The district court properly granted Appellees' Motions for Summary Judgments. For the reasons outlined above, Appellees request this Court to affirm the district court's decision.

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Federal Rule of Appellate Procedure 34(a) and Fourth Circuit Local Rule 34(a), Appellees respectfully request oral argument in this case unless, pursuant to Fed. R. App. Pro. 34(a)(2), a panel of three judges who have examined the briefs and record unanimously agree that oral argument is unnecessary because the appeal is frivolous or the dispositive issue or issues have been authoritatively decided. Otherwise, Appellees respectfully maintain that the decisional process would be significantly aided by oral argument.

Dated: June 30, 2022.                     Respectfully submitted,

**Atlas Box and Crating Co., Inc. and
All-in-One Staffing, LLC**
By Counsel

*/s/ Kathleen K. Lucchesi*
KATHLEEN K. LUCCHESI
N.C. State Bar No. 24386
*Attorney for Atlas Box*
200 South College Street
Suite 1550

Charlotte, NC 28202
(980) 465-7245
Kathleen.lucchesi@jacksonlewis.com


*/s/ Benjamin T. McLawhorn*
BENJAMIN T. McLAWHORN
The Law Office of Benjamin T.
McLawhorn
*Attorney for All-In-One Staffing*
5720 Creedmoor Road, Suite 205
Raleigh, NC 27612
(919) 364-8975
*ben@mclawfirmnc.com*

## <u>CERTIFICATE OF COMPLIANCE</u>

This brief complies with the type-volume limitations of Federal Rule of Appellate Procedure 32(a)(7)(B) because this brief contains <u>4,532</u> words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(a)(f).

This brief complies with the typeface and type-style requirements of the Federal Rules of Appellate Procedure 32(a)(5) and 32(a)(6) because it has been prepared in a proportionally spaced 14-point Times New Roman font using Microsoft Word.

Dated:   June 30, 2022.                      **Atlas Box and Crating Co., Inc. and All-in-One Staffing, LLC**

By Counsel

*/s/ Kathleen K. Lucchesi*

*/s/ Benjamin T. McLawhorn*

## <u>CERTIFCATE OF SERVICE</u>

I hereby certify that on June 30, 2022, the foregoing was electronically filed with the Clerk of the court for the United States Court of Appeals for the Fourth Circuit using the appellate CM/ECF system. All participants in the case are registered CM/ECF users and will be served by the system.

Dated:   June 30, 2022.              **Atlas Box and Crating Co., Inc. and**
                                     **All-in-One Staffing, LLC**

                                     By Counsel

                                     */s/ Kathleen K. Lucchesi*

                                     */s/ Benjamin T. McLawhorn*