No. 20-1910

# In the
# United States Court of Appeals
# For the Fourth Circuit

---

ANDREW ALLEN,

*Plaintiff-Appellant,*

v.

ATLAS BOX AND CRATING CO., et al.,

*Defendants-Appellees.*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

---

**REPLY BRIEF OF APPELLANT ANDREW ALLEN**

---

| | |
|---|---|
| James A. Compton | Jonathan Y. Ellis |
| MCGUIREWOODS LLP | MCGUIREWOODS LLP |
| 888 16th St. NW | 501 Fayetteville St. |
| Washington, DC 20006 | Suite 500 |
| (202) 857-1700 | Raleigh, NC 27601 |
| | (919) 755-6688 |

*Counsel for Appellant Andrew Allen*

## TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................. 1
ARGUMENT ........................................................................................ 2
I.  MR. ALLEN TIMELY COMMENCED THIS ACTION BY DELIVERING HIS COMPLAINTS TO THE DISTRICT COURT............................................................................................. 2
II. ALTERNATIVELY, THE DISTRICT COURT ERRED BY NOT TOLLING THE LIMITATIONS PERIOD. ........................... 6
CONCLUSION ................................................................................... 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alexander v. Cockrell,*
    294 F.3d 626 (5th Cir. 2002) ............................................................... 11

*Blundell v. Wake Forest Univ. Baptist Med. Ctr.,*
    No. 03-cv-998, 2005 WL 8167479 (M.D.N.C. Apr. 11, 2005) ............... 5

*Cruz v. Maypa,*
    773 F.3d 1387 (4th Cir. 2004) ............................................................. 7

*Escobedo v. Applebees,*
    787 F.3d 1226 (9th Cir. 2015) ...................................................... 3, 4, 5

*Hernandez v. Aldridge,*
    902 F.2d 386 (5th Cir. 1990) ............................................................... 3

*Jackson v. Davis,*
    933 F.3d 408 (5th Cir. 2019) ............................................................. 10

*Jarrett v. U.S. Sprint Commc'ns Co.,*
    22 F.3d 256 (10th Cir. 1994) ............................................................... 6

*Keystone Driller Co. v. Gen. Excavator Co.,*
    290 U.S. 240 (1933) ........................................................................ 8, 9

*Lassister v. N.C. Community Health Ctr. Ass'n,*
    367 F. Supp. 3d 435 (E.D.N.C. 2019) .................................................. 5

*Lawrence v. Lynch,*
    826 F.3d 198 (4th Cir. 2016) ............................................................. 10

*McDowell v. Delaware State Police,*
    88 F.3d 188 (3d Cir. 1996) .................................................................. 3

*McLeod v. Jewish Guild for the Blind,*
    864 F.3d 154 (2d Cir. 2017) .............................................................. 10

*Parissi v. Telechron, Inc.*,
  349 U.S. 46 (1955)..................................................................................... 3

*Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*,
  324 U.S. 806 (1945)..................................................................................... 8

*Robinson v. Clipse*,
  602 F.3d 605 (4th Cir. 2010)..................................................................... 11

*Rodgers on behalf of Jones v. Bowen*,
  790 F.2d 1550 (11th Cir. 1986)................................................................... 3

*Rosenberg v. Martin*,
  478 F.2d 520 (2d Cir. 1973) ....................................................................... 3

*Sossa v. Diaz*,
  729 F.3d 1225 (9th Cir. 2013)................................................................... 11

*Truitt v. Cty. of Wayne*,
  148 F.3d 644 (6th Cir. 1998)....................................................................... 6

*United States v. Hung Thien Ly*,
  646 F.3d 1307 (11th Cir. 2011)................................................................. 11

*United States v. Patterson*,
  211 F.3d 927 (5th Cir. 2000)..................................................................... 11

*Wells v. Apfel*,
  103 F. Supp. 2d 893 (W.D. Va. 2000) ....................................................... 5

*Williams-Guice v. Bd. of Education*,
  45 F.3d 161 (7th Cir. 1995)......................................................................... 6

**Statutes**

42 U.S.C. § 2000e-5(f)(1)........................................................................ 2, 3, 8

**Rules**

Fed. R. Civ. P. 3 ............................................................................................ 2, 3

Fed. R. Civ. P. 5(d)(2) .................................................................................... 3, 5

## INTRODUCTION

Mr. Allen timely commenced this action when he delivered his complaints to the clerk of the district court within 90 days of receiving his right-to-sue letters from the Equal Employment Opportunity Commission (EEOC). Civil actions commence upon the filing of a complaint, and complaints are filed by delivering them to the court—whether or not they are accompanied by an application to proceed in forma pauperis (IFP) and whether or not the clerk marks them as formally filed. This conclusion follows from the plain text of the Federal Rules of Civil Procedure. It is consistent with the reasoning of the majority of this Court's sister circuits to have considered the question. And it is sufficient to resolve this appeal.

Moreover, even if a civil suit does not formally commence until the filing fee is paid, the district court erred by dismissing Mr. Allen's suit. Under that regime, equitable tolling must be available for the time a court takes to resolve an IFP motion and, if the motion is denied, for a reasonable period of time afterward for a litigant to pay the filing fee. At a minimum, tolling should be available where, as here, a litigant complies with *the court-ordered deadline* for tendering the fee. The district court

1

thus erred in declining to toll the 90-day timing requirement imposed by 42 U.S.C. § 2000e-5(f)(1) for Mr. Allen's claims.

Appellees offer no compelling response to either aspect of that analysis. Indeed, the Answering Brief does little more than repeat portions of the district court's flawed reasoning. The Opening Brief explained why that reasoning is wrong, and Appellees' restatement of it is no more persuasive. The district court's judgment should be reversed, and this case should be remanded to consider the merits of Mr. Allen's Title VII claims.

## ARGUMENT

**I.     MR. ALLEN TIMELY COMMENCED THIS ACTION BY DELIVERING HIS COMPLAINTS TO THE DISTRICT COURT.**

A.   When Mr. Allen delivered his complaints to the clerk of the district court on November 1, 2018, he timely commenced this action under 42 U.S.C. § 2000e-5(f)(1) and the Federal Rules of Civil Procedure. Pursuant to 42 U.S.C. § 2000e-5(f)(1), Mr. Allen had 90 days from receipt of his right-to-sue letters to bring his Title VII suit in federal court. The Federal Rules clearly explain how such a suit may be commenced: "A civil action is commenced by filing a complaint with the court," Fed. R.

2

Civ. P. 3, and a *pro se* complaint is "filed by delivering it … to the clerk," Fed. R. Civ. P. 5(d)(2). Mr. Allen delivered paper copies of his complaints in this case to the clerk for the Eastern District of North Carolina on November 1, 2018, no more than 85 days after he received his right-to-sue letters. He therefore timely "brought" this suit under 42 U.S.C. § 2000e-5(f)(1). *See* Opening Br. 12-13.

The fact that Mr. Allen originally sought to proceed in this case IFP does not affect the timing of the suit's commencement. As the majority of circuits to address the question have correctly found, there is no sound reason "to alter the definition of 'filing' simply because a complaint is submitted to the clerk's office along with an IFP application." *Escobedo v. Applebees*, 787 F.3d 1226, 1233 (9th Cir. 2015); *see McDowell v. Delaware State Police*, 88 F.3d 188, 191 (3d Cir. 1996); *Hernandez v. Aldridge*, 902 F.2d 386, 387 (5th Cir. 1990); *Rodgers on behalf of Jones v. Bowen*, 790 F.2d 1550, 1551-52 (11th Cir. 1986); *Rosenberg v. Martin*, 478 F.2d 520, 522 n.1a (2d Cir. 1973). The most analogous precedent from the Supreme Court further supports that view. *See Parissi v. Telechron, Inc.,* 349 U.S. 46, 47 (1955) (holding that the clerk's "receipt of [a] notice

3

of appeal within the 30-day period" was sufficient to timely appeal, despite the untimely payment of the fee required by 28 U.S.C. § 1917).

If Mr. Allen had failed to promptly pay the filing fee after his IFP applications were denied, this case could have been dismissed for failure to pay the fee. But, of course, Mr. Allen paid his fees by the court-ordered deadline. And, in any event, irrespective of the proceedings on his IFP motions, the filing date of his complaints was and remained "the date on which the[y] w[ere] originally delivered to the clerk's office along with the IFP application[s]." *Escobedo*, 787 F.3d at 1228. The district court erred by concluding otherwise. *See* Opening Br. 14-24.

B.  Appellees offer no meaningful rejoinder to that analysis. First, they assert that Rule 5(d)(2) does not apply because "Appellant did not deliver his complaints to the clerk for filing. Instead, he delivered to the clerk for filing two (2) IFP motions in which the complaints were attached as proposed complaints." Answering Br. 13. That statement is both inaccurate and unpersuasive. As a threshold matter, Appellees are incorrect that Mr. Allen delivered to the clerk only "proposed complaints." *Id.* While the clerk labeled them "Proposed Complaints" on the docket, the actual documents Mr. Allen delivered are each captioned simply

4

"Complaint." JA15; JA133. More importantly, Rule 5(d)(2) provides that a complaint (deemed proposed or not) that is not filed electronically is filed when it is "deliver[ed] to the clerk." The Rule includes no exception for complaints delivered with motions to proceed IFP. *See Escobedo*, 787 F.3d at 1232-33. And Appellees provide no basis for creating an atextual exception to the detriment of IFP litigants.

Second, citing a handful of out-of-circuit precedent and district court decisions, Appellees assert that "[a] complaint accompanied by an IFP motion is deemed to toll the statute of limitations, but only while the IFP motion is pending." Answering Br. 14. To be sure, some courts have adopted this minority rule.[1] But neither out-of-circuit precedent nor

---

[1] Though, to be clear, only one of the three district court decisions that Appellees cite applies their preferred rule. *See Lassister v. N.C. Community Health Ctr. Ass'n*, 367 F. Supp. 3d 435, 438-39 (E.D.N.C. 2019). The other two apply rules under which Mr. Allen's complaints would clearly be timely. *See Wells v. Apfel*, 103 F. Supp. 2d 893, 897-99 (W.D. Va. 2000) (agreeing with the Ninth and Eleventh Circuits that "a complaint is filed when it is delivered to the clerk even [if] … the proper filing fee ha[s] not been paid"); *Blundell v. Wake Forest Univ. Baptist Med. Ctr.*, No. 03-cv-998, 2005 WL 8167479, at *2 (M.D.N.C. Apr. 11, 2005) (applying a "constructive filing" rule under which "a complaint accompanied by an IFP petition is deemed timely filed for statute of limitations purposes when filed with the court, as long as that IFP status is actually is granted, *or if denied, if petitioner pays the filing fee within a reasonable time after the IFP denial*") (emphasis added).

5

district court decisions are binding on this Court. And for all of the reasons explained in the Opening Brief—and the decisions of five other circuits that Appellees ignore—this Court should decline to follow them. Most notably, none of the decisions applying Appellees' preferred rule provides a sound basis for disregarding the text of the Federal Rules. And, again, Appellees do not even attempt to supply one.[2]

Under the plain text of the Federal Rules, Mr. Allen's complaints were filed when he delivered them to the clerk of the district court. At that time, this civil action was timely commenced. Any inquiry into equitable tolling is therefore unnecessary. The district court's judgment should be reversed.

## II. ALTERNATIVELY, THE DISTRICT COURT ERRED BY NOT TOLLING THE LIMITATIONS PERIOD.

Even if the Court were to apply the minority rule to determine the timeliness of this suit, Mr. Allen would be entitled to equitable tolling of

---

[2] Moreover, even the decisions Appellees cite recognize that equitable tolling may still be appropriate for some period after an IFP motion is denied. *See, e.g.*, *Truitt v. Cty. of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998); *Williams-Guice v. Bd. of Education*, 45 F.3d 161, 164-65 (7th Cir. 1995); *Jarrett v. U.S. Sprint Commc'ns Co.*, 22 F.3d 256, 259 (10th Cir. 1994). As explained in the Opening Brief and next, if this Court adopts the minority rule, such tolling would be appropriate here.

6

Title VII's 90-day time limit for commencing suit. As the weight of authority and reason suggest, tolling of a non-jurisdictional deadline is appropriate during the time that a district court considers a motion to proceed IFP and, if the motion is denied, for a reasonable period of time thereafter for a plaintiff to tender the required filing fee. *See* Opening Br. 26-32.

Appellees do not contest that the district court's denial of tolling in this case is subject to *de novo* review. *See* Opening Br. 25 (citing *Cruz v. Maypa*, 773 F.3d 138, 143 (4th Cir. 2004)). They concede that the 90-day time limit is a non-jurisdictional deadline subject to tolling. *See* Answering Br. 14. And they do not dispute that tolling was appropriate during the pendency of Mr. Allen's IFP motions. *See* Answering Br. 14 ("A complaint accompanied by an IFP motion is deemed to toll the statute of limitations … while the IFP motion is pending."). Yet they insist that such tolling should not extend the *three additional days* that Mr. Allen would need under their theory to have his allegations of racial discrimination heard and resolved on the merits. *See* Answering Br. 23. Appellees' arguments for depriving Mr. Allen of his day in court lack merit.

7

First, Appellees repeat the district court's flawed conclusion that Mr. Allen should be denied equitable tolling under the unclean hands doctrine. *See* Answering Br. 18-22; *see also Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814 (1945) (discussing "the equitable maxim that 'he who comes into equity must come with clean hands'"). As the Opening Brief explained—and Appellees do not contest—this Court has never applied that doctrine to preclude a request for equitable tolling of a statute of limitations or similar timing requirement for seeking legal relief. *See* Opening Br. 33. Appellees provide no sound basis for recognizing the availability of that doctrine for the first time here.

In any event, even if unclean hands could bar equitable tolling of a Title VII claim for damages like Mr. Allen's, Appellees fail to justify its application in this case. *See* Answering Br. 20-21. As the Opening Brief explained, none of the alleged bad-faith conduct has the "immediate and necessary relation" to the 90-day period under 42 U.S.C. § 2000e-5(f)(1) required to deny equitable relief under the doctrine. *Keystone Driller Co. v. Gen. Excavator Co.*, 290 U.S. 240, 245 (1933); *see* Opening Br. 33-35.

8

Indeed, other than their passing assertion that all of the conduct was "closely related" to Mr. Allen's request for tolling, Answering Br. 20, Appellees do not even attempt to satisfy that standard with regard to anything except Mr. Allen's misstatement of the date he received the right-to-sue letters. As to Mr. Allen's receipt of the right-to-sue letters, although Appellees claim that "[Mr. Allen's] misrepresentations … [we]re important," Answering Br. 21, they do not claim that any misstatements were actually material to the timeliness of Mr. Allen's complaints—for good reason. Regardless of the date or dates that Mr. Allen received the right-to-sue letters, his complaints and IFP motions were delivered to the district court within 90 days of the date that the EEOC *mailed* them. *See* JA22; JA50. Thus, even fully accepting Appellees' version of events, the complained-of conduct lacks the "necessary relation" to the 90-day time period for the doctrine of unclean hands to apply. *Keystone Driller Co.*, 290 U.S. at 245.[3]

---

[3] Appellees also contend that Mr. Allen's alleged "lack of good faith was especially troubling" given his previous litigation experience. Answering Br. 21. But Mr. Allen's litigation history cannot supply the missing connection between his alleged conduct in *this case* and the 90-day time limit that the unclean hands doctrine requires.

9

Second, Appellees repeat the district court's conclusion that Mr. Allen did not show the necessary diligence and extraordinary circumstances for equitable tolling. *See* Answering Br. 22-24. But what Appellees describe as a "lack of diligence"—*e.g.*, requesting an extension and filing on the last day of a filing period (or, in the case of Mr. Allen's complaints, several days *early*)—is behavior that capable and experienced counsel engage in as a matter of course. Even if Mr. Allen could have conceivably acted more quickly, "[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Lawrence v. Lynch*, 826 F.3d 198, 204 (4th Cir. 2016) (citation omitted). There can be little question that by navigating Title VII's and the EEOC's procedures as far as he has without legal assistance, Mr. Allen has demonstrated reasonable diligence. *See* Opening Br. 35-36.[4]

---

[4] Although Mr. Allen's lack of counsel before the district court may not be alone sufficient to grant equitable tolling, *see* Answering Br. 23, it is relevant to determining whether he has exercised "reasonable diligence" in pursuing his legal claims. *See Jackson v. Davis*, 933 F.3d 408, 413 (5th Cir. 2019) ("Precedent weighs heavily in favor of finding that Jackson diligently pursued his rights … especially because he was proceeding pro se."); *cf. McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156-57 (2d Cir. 2017) ("[I]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their

10

As for extraordinary circumstances, Mr. Allen is not arguing that "misunderstanding … the statute of limitations" or the need to pay the filing fee qualify. Answering Br. 24. Instead, Mr. Allen relies on his complete lack of control over the time that the district court took to resolve his IFP motions and his compliance with the court-ordered deadline to pay his filing fee after the motions were denied. *See* Opening Br. 26-32.

This Court has previously afforded equitable tolling to an IFP litigant based on similar concerns. *See Robinson v. Clipse*, 602 F.3d 605, 608 (4th Cir. 2010) (reasoning that "an *in forma pauperis* plaintiff should not be penalized for a delay … solely within the control of the district court"). And outside the context of IFP motions, courts have long recognized that a misleading court order can constitute an extraordinary circumstance sufficient to apply equitable tolling. *See, e.g.*, *Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013); *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002); *United States v. Patterson*, 211 F.3d 927, 931 (5th Cir. 2000). Those grounds and authority were clearly set out in the

---

lack of legal training."); *United States v. Hung Thien Ly*, 646 F.3d 1307, 1316 (11th Cir. 2011) (same).

Opening Brief. *See, e.g.*, Opening Br. 29-30 (discussing *Robinson*, *supra*); *id.* at 37 (citing *Sossa*, *supra*; *Alexander*, *supra*; *Patterson*, *supra*). They counsel strongly in favor of extending equitable tolling here. And the Answering Brief provides no answer.

## CONCLUSION

For the foregoing reasons and those stated in the Opening Brief, the district court's judgment should be reversed, and this case should be remanded for further proceedings.

Dated: July 21, 2022								Respectfully submitted,

**Andrew Allen**

*By Counsel*

/s/ Jonathan Y. Ellis

Jonathan Y. Ellis
MCGUIREWOODS LLP
501 Fayetteville St.
Suite 500
Raleigh, NC 27601
(919) 755-6688
jellis@mcguirewoods.com

James A. Compton
MCGUIREWOODS LLP
888 16th St. NW
Washington, DC 20006
(202) 857-1700
jcompton@mcguirewoods.com

13

## CERTIFICATE OF COMPLIANCE

This reply brief complies with the type-volume limitations of Federal Rule of Appellate Procedure 32(a)(7)(B)(ii) because the brief contains 2,517 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).

This reply brief complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 32(a)(5) and 32(a)(6) because it has been prepared in a proportionally spaced 14-point Century Schoolbook font using Microsoft Word.

Dated: July 21, 2022                                **Andrew Allen**

                                                    *By Counsel*


                                                    _/s/ Jonathan Y. Ellis_

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2022, the foregoing was electronically filed with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit using the appellate CM/ECF system. All participants in the case are registered CM/ECF users and will be served by the system.

Dated: July 21, 2022                **Andrew Allen**

*By Counsel*

 */s/ Jonathan Y. Ellis*

15